JOHN THOMPSON *v.* ABRAM D. THOMAS, Administrator, &c.

1. DISTRIBUTION: WHO ENTITLED.—The personal estate of a person dying intestate, will go to those who are his next of kin at the time of his death, and not to those who are his next of kin at the time distribution is made.

2. RIGHT TO DISTRIBUTION: A VESTED INTEREST.—The right of the next of kin to distribution of an intestate's personal property, is a vested interest, at the time of the death of the intestate; therefore, if a person entitled to distribution, die before distribution be actually made, his share will go to his legal representative, and not to those who, by reason of his death, have become the next of kin of the intestate.

3. DISTRIBUTION, EFFECT OF.—Distribution gives to the distributee no new title to the property; it only ascertains the property to which his title, as heir at law to the deceased, shall attach.

APPEAL from the Probate Court of Lowndes county. Hon. Stephen A. Brown, judge.

Abram D. Thomas, the appellee, as administrator of the estate of one Joseph Thompson, filed his final account for audition and allowance, in the Probate Court of Lowndes county, and at the same time filed a petition, in which he alleged that Joseph Thompson, at the time of his death, left living two children, viz., Mary Ann Thomas, and John B. Thompson. That both of these have since died, the said John B. Thomas without issue, and the said Mary Ann Thomas leaving a child, who has also since died: so that there is now no child or descendant of his intestate living. He asks that distribution of said Joseph Thompson's estate may

be made to the administrators of Mary Ann Thomas and John B. Thompson, the children of said Joseph.

To this petition, John Thompson, the appellant, filed his answer, setting up a claim to distribution of the said Joseph Thompson. That he was the brother of Joseph, the next of kin, at the time distribution is sought to be made. That the children and descendants thereof of said Joseph, had since his death all died. The court below decreed that the administrator of Mary Ann Thomas and John B. Thompson, who were the children of said Joseph, and living at his death, were entitled to distribution of the estate of said Joseph. From which decree the appeal was taken.

*C. R. Crusoe*, for appellant.

The solution of the question, as to who is entitled, depends upon the construction given our statute, and how far it changes the common law rule.

Our statute provides, that when any person shall die, *possessed* of personal property, not bequeathed, the same shall descend, and be distributed in the same manner as real estate. However, in the case of *Cabell* v. *Bell*, 1 Howard, R. 518, it is held that the word "descend" in the act, is not to receive its technical meaning, and that, notwithstanding its use, the title and possession is with the administrator of the intestate ; and so in several cases it has been held that the distributee acquires no title, until distribution made by the Probate Court.

The language of our act differs from that of many of the other States. The language used, is "where any person shall die, *possessed* of personal estate and of real estate seised." The last New York act provided not only where the person dies seised and *possessed*, but contains the further provision, "*to which he was in any manner entitled.*" In New York, previous to this last provision, the rule of the common law prevailed; and it was repeatedly held that during the continuance of a life estate, the heir on whom the reversion or remainder was cast, subject to the life estate, was not so *seised or possessed*, as to constitute him the "*possessio fratris*," or "stirps" of descent, if he died pending the life estate; and the person claiming as heir, must make himself heir of the

ancestor last actually *seised*, and if the estate had been acquired by descent, it was necessary that there should have been an entry to gain seisin, to enable the owner to transmit it to his heir; and therefore if the heir, on whom the inheritance had been cast, by *descent*, died before entry, his ancestor who was *actually possessed*, and not himself, became the person last *seised*, and from whom the title as heir was to be deduced. 4 Kent, Com. 388; *Jackson* v. *Hendrick*, 3 Johns. Cas. 214; *Jackson* v. *Hilton*, 16 Johns. R. 96; *Bates* v. *Schraeder*, 13 Ib. 260.

The case in 3 Johnson's Cases, recognizes this as the common law rule, and holds that in cases like this, the Statute of Descents does not apply, but the common law rule prevails. So Judge Story, in the case of *Cherac* v. *Rensecker*, 2 Peters, S. C. R. 625, under the Maryland statute, lays down the rule, "that a person claiming as heir, must make himself heir of the person last actually seised of the estate, and if a person dying intestate leaves a brother of the whole blood, who survived him, and then died without issue, and without ever having been actually possessed of the estate, the estate would descend to the half blood of the person last actually *possessed;* and such is the rule in New Hampshire, Vermont, Maryland, and North Carolina. 2 Peters, C. C. R. 625; 4 Kent, Com. 388; 1 Dev. R. 160; 1 Murphy, 493; 2 Iredell, R. 315; Reese on Descents, 377.

The maxim of the common law is, that "*non jus, sed seisina facit stirpem;*" if, therefore, the heir on whom the inheritance had been cast by descent, dies before he has acquired the requisite seisin, his ancestor, and not himself, becomes the person last seised of the inheritance, and to whom the claimants must make themselves heirs.

2. Again, our statute provides, that after the payment of the debts of the estate, &c., the surplus, in case of intestacy, shall be decreed by the court, to the *persons* entitled to distribution under the act. Is the administrator entitled to distribution? The decree purports to divide out the estate into shares, and pass it into the hands of the defendant, as administrator, &c. If the estate is settled, as alleged in the petition and decree, then the next of kin, computing by the rules of the civil law, are the proper per-

sons to whom the distribution should be made, all the lineal descendants being dead, &c., as provided in the statute.

*James T. Harrison*, for appellees.

There is but a single question of law in this case; it is this :—

Whether the next of kin, at the time of the death of an intestate, or the next of kin at the time distribution is made, is entitled to the surplus.in the hands of the administrator.

In *Hagthorp et al.* v. *Hook's Adm'rs*, 1 Gill & Johns. R. 276, and in *Neale* v. *Hagthorp*, 3 Bland, Ch. R. 564, the law is stated to be as follows:

" Our Statute of Distributions like that of England, 3 Bac. Abr. 72, directs the goods and chattels and credits of those who die intestate to be committed to an administrator, whose powers and duties are prescribed. He has a vested interest in the personal estate of the deceased, 1 Pr. Will. 43; and is directed to collect and take the whole of it into his possession, which, or the proceeds thereof, he is in the first place to apply to the satisfaction of all debts due from the intestate, and then, and not until then, he is to distribute the *surplus* among the next of kin of the deceased. In the construction of this statute, it has been held, that although the creditors of the deceased are the first and special object of its regard, yet that the next of kin among whom the surplus is to be distributed, take an interest which vests in them by operation of law immediately. It is considered a species of *chose in action*, of an indefinite value, in the nature of a present debt of an uncertain amount, payable at a future day. 3 Mod. 59; 1 Show. 2, 25; 2 Ib. 407; Prec. Ch. 21; 1 Pr. Will. 380; 4 Ves. 665. This interests vests in those who are the next of kin of the deceased at the time of his death; not, however, to the exclusion of a posthumous child, who is regarded as a then living, though unborn distributee, and therefore, should any of them die before the distribution of the surplus is actually made, his share will not sink into the estate of the intestate, but go to his own legal representatives in like manner as his other personal property." And see 2 Pr. Will. 446.

" The interest which each distributee has in the estate to be

divided, is several in its character, and it does not at his death
pass to his co-distributees, but he in his turn becomes the foun-
dation of a *new stock*, who may be persons other than those
entitled with him to distribution." *Maury's Adm'rs* v. *Mason's*
*Adm'rs*, 8 Porter, 233; *Brown* v. *Shore*, 1 Show. 2, 25; *Palmer*
v. *Allecock*, 2 Ib. 407; *Squib* v. *Wyne*, 1 Pr. Will. 380; *Palmer*
v. *Gerrard*, Prec. Ch. 21; *Dovan* v. *Simpson*, 4 Ves. 665; *Ed-
munds* v. *Freeman*, 2 Pr. Will. 446.

" Although the statute directs that no distribution shall be made
till a year had elapsed from the death of the intestate, yet, if a per-
son entitled to a distributive share, shall die within the year, such
interest shall be considered as vested in him, and shall go to his
personal representatives.      The parties entitled to distribution
resemble a residuary legatee; and it has always been held, that if
such legatee die before the amount of the surplus is ascertained,
still his representative shall have the whole residue, and not the
representatives of the first testator." Toller, Law of Ex'ors, 386;
2 Will. on Ex'ors, 924, 928; North on Probate, 218, 219, note;
2 Bac. Ab. 75; 2 Vern. 559; 3 Pr. Will. 49, note; 3 Atk. 42;
*Grant* v. *Buster*, 1 Dev. & Bat. Eq. R. 77; *Stent* v. *M'Leod's
Ex'ors*, 2 M'Cord, Ch. R. 207, 211.

Our statute makes personal property descend in the same manner
as real estate.    Hutch. Code, 624.

Not that it descends from ancestor to heir, as real estate with-
out administration, but the *right* to the surplus *vests* in the next of
kin, upon the death of the intestate, as the inheritance vests in the
heir.    Distribution is only the mode to ascertain the amount of
the interest and the manner of vesting the complete title in the
distributee to the specific property.    *Cable* v. *Martin & Bell*, 1
How. 558.

And the interest of a distributee in an unsettled estate is the
subject of assignment.    *Graham* v. *Abercrombie*, 8 Ala. 552;
*Howland* v. *Heckerker*, 3 Sand. Ch. R. 519.

*Title* must be transmitted by successive administrations to the
party who is now entitled.    See *Tuckett* v. *James*, 2 Humph. R.
565; *Thurman* v. *Shelton*, 10 Yerg. 383; *Hayes* v. *Hayes*, 5
Munf. 418.

Thompson *v.* Thomas.

And whenever letters were taken out, they have relation back to the time of the intestate's death.   1 Will. Ex'ors, 432; Toller, Law of Ex'ors, 132; 2 Brev. 317; 1 Lomax, Ex'ors, 205; Went. Ex'ors, 115, 116.

John Thompson, the appellant, certainly is not the next of kin. North, Prob. 205, 215, notes; 2 Kent, 422, 425; 1 Pr. Will. 41; 2 Ves. 215.

At the time of his death, the intestate, Joseph Thompson, left *living children*, and that fact alone, effectually disposes of the claim of his *brother*, the appellant.

If chattels personal " descend" *like land* to the heir, they descend *immediately* on the death of the ancestor.

"Descent is a technical term, signifying the means whereby lands are devised from the ancestor to the heir, but it would not do to adopt it with all its force, and apply it to personal property not bequeathed.   The whole structure of the statute forbids it, and is utterly repugnant to such an application, and we cannot therefore suppose that the legislature intended to use it in its strict technical sense.   If it is to be so understood, it would deprive the administrator of the possession of personal property, for the heir is entitled to his inheritance immediately on the death of the ancestor, whereas it is clear that the administrator is entitled to the possession of the property."   *Cable* v. *Martin & Bell,* 1 How. 558.

"The title of distributee in England and in this country, cannot materially differ."   *Cable* v. *Martin & Bell,* 1 How. 558; North, Prob. 215, note.

And even in regard to the *inheritance of lands,* the statute of this state has avoided the common law distinctions between ancestral estates and estates by purchase, and also the distinction between actual *seisin* and a *seisin* in law.   The word *seised* is used wisely in our statute, in its broadest signification, and all lands of which a man dies seised, without regard to the source from whence they were acquired, take the same course of inheritance, subject to the same rules.   North, Prob. 209, note; Meigs, 570, 571; 4 Kent, 388, (3rd ed.)

Mr. Justice FISHER, delivered the opinion of the court.

This case comes by appeal into this court, from a decree of the Probate Court of Lowndes county.

The only point presented by the record for decision is, whether the legal representative of those who were the next of kin of the intestate at the time of his death, or those who are next of kin at the time distribution is sought to be made, are entitled to the surplus of the estate remaining in the hands of the administrator upon settlement of his final account.

It is now firmly settled by the English decisions, upon their Statute of Distributions, of which ours is in many respects almost an exact copy, that those who are the next of kin to the intestate at the time of his death, acquire a vested interest in his estate; and that, although distribution cannot be coerced until the lapse of one year from the grant of administration, yet there is no difference in principle between the interest acquired by the distributee and a legacy payable a year hence, which is held to be an interest vested at the testator's death; the statute is treated as the will which the law makes for the deceased, and distributees and legatees may be said to stand upon the same footing, so far as the time is concerned at which they acquire an interest in the estate.

But our statute has left no room for doubt upon this question. Its language is as follows: "When any person shall die possessed of goods and chattels, or personal estate not bequeathed, the same shall descend to, and be distributed among his or their heirs, in the same way and manner that real estates not devised descend by this act." Hutch. Code, 624. The same persons who take by descent the real estate of an intestate, also take his personal estate. The title, as to both kinds of estate, relates back to the death of the intestate. Distribution gives to the distributee no new title to the property, but only ascertains the property to which his title shall attach, as heir at law of the deceased. It is true, that until distribution, the title is treated as in the administrator; but it is nevertheless true, that he can do no act in virtue of such title, to defeat the rights of the distributee, unless he has the authority therefor of the court which granted the administration on the estate. The title of the administrator is, in the strictest

sense, held in trust for the benefit of the next of kin to the intestate.

Decree affirmed.