LEWIS SANDERS, Respondent, *v.* AGNES GORDON SOUTTER, Individually, and as Executrix, Impleaded, etc., Appellant.

Under, and by an instrument which is in legal effect a mortgage, a power may be vested in the mortgagee to sell and convey an absolute title to the mortgaged property.

R., by his will, gave to his widow one-half of his residuary estate, which included an interest given to him by the will of his father. The widow executed to C. an absolute assignment of her interest derived under the will of R., and concurrently therewith, C. executed and delivered to her a defeasance, which contained an agreement on his part, that out of the moneys realized form the sale of such interest, he would first reserve $2,250, with interest, and any expenses, and give the balance to her. C. assigned to A., plaintiff's assignor, all his "right, title and interest in and to the bill of sale and defeasance annexed." Subsequently, the widow individually, and as administratrix, with the will annexed, of R., executed to his father's executors, who had notice of her assignment to C., all her interest in the estate of their testator which exceeded $2,250. In an action to compel an accounting by said executors and a cancellation of the release, *held*, that the interest of R. in his father's estate, which passed to his widow under his will, was assignable, and passed by her assignment to C., and it being conceded that said interest exceeded $2,250 at the time the release was executed, and that there was money sufficient in the hands of the executors to pay that sum, that a judgment was proper, setting aside the release, and directing payment by said executors of the sum specified, with interest; that assuming C., under the assignment to him, had power to make an absolute assignment of the widow's interest in said estate, as he did not attempt to do this, but simply transferred his "right, title, and interest," and as payment to him before his transfer to A. of $2,250 and interest would have satisfied all his claims, and reinvested in the widow her original right, payment to plaintiff of the same sum, fully satisfied his claim.

(Argued October 25, 1892; decided November 29, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 30, 1892, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was brought to compel the executors of James T. Soutter, deceased, to account, and to have a release executed

and delivered by the defendant, the Duchess D'Auxy to said executors set aside and vacated, and the interest of plaintiff, who as an attorney had performed legal services for her, ascertained and satisfied.

The facts, so far as material, are stated in the opinion.

*Delos McCurdy* for appellant.   Treating the bill of sale to Cranston and his agreement back as a mortgage, the defendant's position is not improved.   The undivided twentieth which the Dutchess owned in the estate of James T. Soutter was an incorporeal right, not susceptible of physical delivery or possession, and passed by the delivery of the bill of sale. (*Waterman* v. *McKenzie*, 138 U. S. 258; *Casserly* v. *Witherbee*, 119 N. Y. 526.)   So far as any relation exists between the plaintiff and the Dutchess by reason of the Cranston agreement, the defendants are strangers thereto, and occupy a position of mere volunteers.   "It is no doubt true, that a volunteer cannot acquire either an equitable lien or the right to subrogation."   (*Gans* v. *Thieme*, 93 N. Y. 232.)

*Lewis Sanders* for respondent.

ANDREWS, J.   Under the will of James T. Soutter who died February 8, 1873, his son Robert Soutter took one-tenth part of the residue of his estate remaining after payment of debts. Under the will of Robert Soutter, the son, who died July 15, 1873, his wife, Charlotte Soutter, now the Duchesse D'Auxy, took his household furniture and one-half of his residuary estate, real and personal.   The Duchesse D'Auxy thereafter became entitled on the death of her husband, under his will, to one-half of her husband's interest unadministered. in the estate of James T. Soutter.

The interest of the Duchesse D'Auxy was assignable. The instrument of August 17, 1887, executed by her to Cranston, purported to be an absolute assignment and transfer by her to Cranston of all her interest derived under the will of Robert Soutter, excepting her interest in the household furniture.   But concurrently with its execution Cranston exe-

cuted and delivered to the Duchesse D'Auxy a defeasance, reciting that she had sold and assigned at that date (Aug. 17, 1887) to him, her interest in the estate of Robert Soutter, and containing an agreement on his part, that out of the moneys realized from the sale of such interest, or from the settlement of any suits or actions (referred to in the assignment to him), he would first reserve $2,250, with interest and any expenses, and give the balance to her, together with all interest remaining undisposed of after his reimbursement.

There can be no doubt that the assignment to Cranston embraced whatever interest the Duchesse D'Auxy had in the undistributed share of Robert Soutter in the estate of his father under his will. This share was property owned by Robert Soutter at his death and passed under his will, and the Duchesse D'Auxy, as legatee thereunder, was entitled to one-half of his estate. Her assignment, therefore, to Cranston, of her interest under the will of her husband, Robert Soutter, passed whatever she would be entitled to receive out of any money due or payable to Robert Soutter's estate from the estate of his father, under the father's will.

The judgment in this action sets aside the release of March 26, 1889, executed by the Duchesse D'Auxy, individually and as administrator, with the will annexed, of Robert Soutter, to the executors of James T. Soutter's estate, on the ground that it was made in fraud of the rights of the plaintiff as assignee of Cranston, of which the executors of James T. Soutter had notice at the time the release was executed, and it being a conceded fact that the interest of the Duchesse D'Auxy in that estate, under the will of Robert Soutter, exceeded the sum of $2,250 at the time the release was executed, and that there was money sufficient to pay the sum in the hands of the executor of James T. Soutter, applicable to such payment, the judgment awarded the plaintiff this sum, with interest against such executors. The plaintiff has appealed from the judgment, claiming that his recovery was improperly limited to this amount, for the reason, as he asserts, that he stood as the purchaser from Cranston of the entire estate which the

Duchesse D'Auxy had in the estate of her husband, and not as mere assignee of Cranston's claim of $2,250.

There can be no doubt of the proposition that under an instrument which is in legal effect a mortgage, a power may be vested in the mortgagee to sell and convey an absolute title to the mortgaged property. But assuming that Cranston might under the instrument of August 17, 1887, have made an absolute disposition of the Duchesse D'Auxy's whole interest in the estate of her husband, he did not attempt to make such a disposition. What he did do was to substitute Amend, his immediate assignee, in his place, and Amend in turn transferred his interest to the plaintiff. Cranston's assignment to Amend was of all his "right, title and interest in and to the bill of sale and defeasance annexed," and Amend's assignment to the plaintiff was of the interest he had acquired from Cranston. Payment to Cranston before his assignment of $2,250 and interest, and any expenses, would have satisfied all claims he had, and would have operated to revest in the Duchesse D'Auxy her original right, discharged of the assignment. Payment to Amend or to the plaintiff of the same sum would have fully satisfied any claim they had. There is no doubt, we think, that the appeal of the plaintiff is not well taken. The question of attorney's lien is not raised by any finding and exception.

The defendant's appeal is answered by what has been said as to the sufficiency of the instrument of August 17, 1887, to pass any interest which might come to the Duchesse D'Auxy on the settlement of the claim of the estate of Robert Soutter against the estate of his father, and by the fact that it does appear, or may reasonably be inferred, that except as to this claim the estate of Robert Soutter has been distributed, and that the plaintiff has no available remedy, except through an accounting of the estates.

The judgment should be affirmed, but without costs to either party.

All concur.

Judgment affirmed.