ARGUED AND DETERMINED IN

# THE SURROGATES' COURTS

OF THE

## STATE OF NEW YORK

WITH DECISIONS IN OTHER COURTS' AFFECTING DECEDENTS'
ESTATES.

---

WALTER S. WEST, Appellant, v. JOHN H. BURKE et al., as
Trustees under the Will of GEORGE WEST, Deceased, et al.,
Respondents.

(*Court of Appeals, July 11, 1916.*)

WILL—PROVISIONS THEREOF EXAMINED AND CONSTRUED, AND HELD, THAT
THE SON IS THE BENEFICIARY OF THE TRUST THEREIN PROVIDED FOR SUB-
JECT ONLY TO THE PROVISIONS OF THE TRUST ITSELF, AND SUBJECT TO HIS
BENEFICIAL INTEREST IN THE TRUST FUND BEING DEFEATED BY HIS DEATH
BEFORE THE TIMES THEREIN SPECIFIED—HELD, FURTHER, THAT A TRANS-
FER OF PART OF THE INTEREST OF SAID SON IN TESTATOR'S ESTATE, TO
WHICH TRANSFER THE COMMITTEE OF HIS PERSON AND ESTATE WAS A
PARTY, WAS VALID AND EFFECTUAL IN SETTLEMENT OF ALIMONY AND OTHER
CHARGES IN ACTION OF DIVORCE BROUGHT BY HIS WIFE.

1. Where there is a gift to another without qualification, subject to a
trust and subject to be defeated in case of the death of the beneficiary
before the termination of the trust, the title to such trust fund, subject
only to the contingencies provided by the terms of the gift, is vested in
such beneficiary.

2. Testator, the appellant's father, devised and bequeathed the residue
of his property to his executors and trustees in the trusts thereby
created. After the payment of the net income of one-third of the
residue to his son, the testator directed his trustees to pay fifteen
thousand dollars to his son, the appellant, "When he shall arrive at
such age of thirty-five years," and when he shall arrive at the age of

forty years to "pay over and transfer to my (testator's) said son, Walter S. West, the entire remaining portion of said one-third of my property, *to whom I give, devise, and bequeath the same subject to this trust."* *Held,* that the will did not provide a trust to receive the income and apply it to the use of the appellant. The appellant is the beneficiary of the trust subject only to the trust itself, and subject to his beneficial interest in the principal of such trust fund being defeated by his death before the times therein specified. Such a beneficial interest in the principal of a trust fund may be transferred. (Personal Property Law, § 15; Cons. Laws, ch. 41; Real Property Law, § 103; Cons. Law, ch. 50.)

3. Plaintiff's wife heretofore brought an action for divorce in the course of which plaintiff entered into agreements to assign a certain part of the residuary estate of his father to a trustee for the benefit of his wife and children, to which agreements a committee of his person was a party. An action was thereafter brought by the trustees under the will of the father against appellant and all persons interested under that will in which it was determined by the judgment in substance that this appellant had a vested interest in said trust fund subject to being divested in case of his death before he should arrive at the age of forty years, and that the same was alienable by him, and approving, ratifying and confirming the said assignments so made by the appellant and his committee in his behalf. This action is brought by the appellant to have it declared and adjudged that the legal title to the property bequeathed to the appellant was at the time of the execution of said assignments vested in the trustees under said will in trust for the appellant according to the terms and provisions of the said will and to have the assignments above referred to annulled, vacated and set aside. *Held,* that all of the parties interested in the matters now before the court were parties to the former action and, no claim being made of threat, deception or fraud, they are bound by the judgment entered therein.

West v. Burke, 165 App. Div. 667, affirmed.

(Argued June 8, 1916; decided July 11, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 7, 1915, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

Lewis E. Carr and Joseph A. Kellogg, for appellant. Walter S. West, at the time the assignments purporting to be of $100,000 of the share of the residuary estate of George West, deceased, that was to be paid over and transferred to him when he became forty years of age, if he lived to reach that age, were executed, had no assignable interest therein, and such assignments thereof were and are invalid as matter of law. (Lewisohn v. Henry, 179 N. Y. 352; Graff v. Bonnett, 31 N. Y. 9; Osburn v. R. T. & S. D. Co., 209 N. Y. 54; Bloodgood v. Lewis, 209 N. Y. 95.) The decree entered June 10, 1908, in the action commenced March 19, 1908, is not a bar to the right of Walter S. West to challenge the validity of the assignments of $100,000 of the principal of the residuary estate of his father that under his will he became entitled to receive from the trustees of that estate when he reached the age of forty years. If those assignments were not, when made, valid within and of themselves, they were not made valid and enforceable by that action and the decree therein. (Druklieb v. Harris, 209 N. Y. 211; Mellen v. Mellen, 139 N. Y. 210; Crawford v. Winton, 34 App. Div. 457; Weed v. Cantwell, 36 Hun, 528; Matter of Brewer, 43 Hun, 597; Mayor v. Fitch, 9 App. Div. 452.) It was error in any event to dismiss the plaintiff's complaint for the plaintiff was entitled to have the provisions of the assignments modified to conform to conditions arising from the remarriage of his wife. (Mowbray v. Mowbray, 136 App. Div. 513.)

Edgar T. Brackett, for respondents. The interest of the plaintiff Walter S. West under his father's will was and is assignable. (Lytle v. Beveridge, 58 N. Y. 592; Miller v. Von Schwarzenstein, 51 App. Div. 18; Manice v. Manice, 43 N. Y. 303; Embury v. Sheldon, 68 N. Y. 227; Thompson v. Hill, 87 Hun, 111; Hersee v. Simpson, 154 N. Y. 496; Johnson v. Brasington, 156 N. Y. 181; Riker v. Gwynne, 201 N. Y. 143; Bushnell v. Carpenter, 92 N. Y. 270; Warner v. Durant, 76 N. Y. 133.) The judgment in the action brought by Emily

Hathorn West and John H. Burke, two of the trustees under the will of the plaintiff's father, in which action Hiram C. Todd, the third trustee, was made a party, as well as every other person directly or remotely, actually or contingently, interested in any of the property, were made parties, was and is forceful and binding upon all the parties. (2 Perry on Trusts [4th ed.], §§ 476a, 928; 2 Pom. Eq. Juris, § 1064; Gobel v. Iffla, 111 N. Y. 170.)

CHASE, J.—George West, the appellant's father, died January 25, 1906, leaving a will which was duly probated. By his will, after various provisions that are immaterial on this appeal, he provided (by a codicil probated as a part of his will) as follows:

" *Second.* All the rest, residue and remainder of my property, real and personal, and of every name and nature, I give, devise and bequeath unto my executors and trustees and to their successors in the trusts hereby created, and to the survivor or survivors of them, in trust nevertheless, to invest and reinvest my personal property, rent my real property and to collect the income, rents, issues and profits therefrom, and after payment of all expenses and charges connected therewith, to apply the same to the following uses and purposes to wit:

" I.  *  *  *

" II. To pay to my son, Walter S. West, (the appellant herein) semi-annually, the net income of one-third of said residue until he shall arrive at the age of thirty-five years, if he shall survive so long, and when he shall arrive at such age of thirty-five years, to pay to him the sum of fifteen thousand dollars in cash, and thereafter to continue the payment of the net income from the remaining part of said one-third part until my said son shall arrive at the age of forty years, at which time I direct my executors and trustees to pay over and transfer to my said son, Walter S. West, the entire remaining portion of

said one-third of my property *to whom I give, devise, and bequeath the same subject to this trust.*

" III.   *   *   *

" In case of the death of my said sons, or either of them, before they shall come into possession of the property given them by my said will or by this codicil, leaving lawful issue, them or him surviving, then the share to which the one so dying would have been entitled to receive if living, shall pass to such issue and if any such issue be minors the trust and trustees are continued as to them and such minors shall be paid the income of their share or shares until they shall respectively attain the age of twenty-one years, when the principal shall be paid over and transferred to them. But if either of such sons die leaving no lawful issue him surviving then his share shall pass to the survivor or survivors of them or their issue, as the case may be, and in all other respects I do hereby ratify, confirm and republish my said will."

The will was dated November 15, 1902, and said codicil July 2, 1904. The testator died leaving him surviving his widow and three sons. The appellant, one of said sons, was born April 17, 1875. He married November 25, 1896, and two children were born of said marriage, both of whom are minors and now living. The trustees under the will of George West, deceased, received from themselves as executors of said will to be held in trust as provided therein the sum of $815,010.94.

On December 2, 1907, appellant's wife brought an action against him for a separation. On December 9, 1907, he was adjudged an habitual drunkard and a committee was duly appointed of his person and property. On December 26, 1907, a guardian was appointed of the property of said two children and their mother was appointed guardian of their persons. A proceeding was commenced which resulted in the removal of the appellant as one of the trustees under his father's will and the defendant Todd was named as a substituted trustee.

Between the time when the appellant's wife brought the ac-. tion against him for a separation and the 7th of February, 1908, negotiations were had by the appellant and his wife, and in their behalf, with the knowledge and approval of the committee of the person and property of the appellant and also of his mother and brothers, and it was agreed that the complaint of the appellant's wife in the action for separation should be amended so as to set forth a cause of action against the appellant for divorce, and that consent should be given that the court provide in any judgment granted in the action for the payment of $5,000 per year to the plaintiff therein for alimony and for the support and maintenance of their said children and that such amount should be paid in equal monthly payments by the committee of the property of the appellant out of any moneys that should come into his hands as such committee.

It was also agreed that the appellant should assign to his wife $15,000 of the residuary estate of his father that by his father's will was payable to him when he arrived at the age of thirty-five years and also that $100,000 of the principal of said residuary estate that by said will was payable to him when he arrived at the age of forty years should be assigned to a trustee to be held during the life of the appellant's said wife, the income therefrom to be paid to her as long as she should live and said children were minors, and that as said children respectively reached the age of twenty-one years the net income from one-fourth of the said trust fund be and become the property of said infants, the principal to be paid to said children on the death of his said wife or to the survivor of said infants or in case both of said infants should then be dead, to the maker of said trust (the appellant herein) or in case of his death to his devisees or next of kin.

The complaint in the action by the appellant's wife against him was amended as provided by said agreement. The testimony in the action for divorce was taken at a Special Term of the Supreme Court, the appellant and his committee appear-

ing at the trial by counsel, and an interlocutory judgment of divorce was entered February 13, 1908. Final judgment in that action was entered July 11, 1908. A petition to the Supreme Court was made by the appellant for an order allowing him to make an assignment of said $15,000 and $100,000 as stated. The petition stated that the petitioner had entirely ceased drinking intoxicating liquors and that he was in his right mind and fully understood the contents of his said petition. The appellant's said committee and his mother and brothers each in writing joined in the prayer of said petition and therein expressed their belief that it was for the best interest of the appellant to have the agreements therein referred to carried out. The court granted the prayer of the petition and authorized the execution of said assignments by the appellant and by his committee in his behalf and the form of said assignments was duly approved by the court and they were executed and delivered accordingly.

The amount allowed for alimony in the decree of divorce was reduced by order February 2, 1911, to $2,500 per year to be used for the support, maintenance and education of said children. It is conceded that pursuant to the agreement between the parties all payments of alimony under the judgment of divorce were to cease absolutely upon the payment to the trustee of the $100,000 pursuant to the assignment as stated.

An action was commenced March 19, 1908, by two of the trustees under the will of George West, deceased, against the appellant and his committee and every person interested absolutely or contingently under the will of George West, deceased, and against the third trustee who was also the trustee of the fund of $100,000 as stated but did not join with the other two trustees as a plaintiff in the action, in which action it was alleged " That the plaintiffs, two of the trustees named in said will and codicil to execute the trusts thereby created under the state of facts hereinbefore set out (in the complaint) are in doubt as to the titles claimed by the several defendants as here-

inbefore set out and as to the rights of the various parties there-under and they desire a construction of said will and codicil by the court and a decree adjudging the rights of the parties in and to said funds thus in the hands of the said trustees and they have therefore brought this action in equity to have said will and codicil construed and the rights of the several parties thereunder settled and determined and said trustees under said will instructed, and that they are without any remedy at law in the premises and therefore bring this action in equity." Judgment was demanded accordingly. All of the parties to said action appeared and served answers therein.

Judgment was entered in that action June 10, 1908, declaring in substance that the appellant in this action had a vested interest in said trust fund subject to being divested in case of his death before he should arrive at the age of forty years, and that the same was alienable by him, and approving, ratifying and confirming the said assignments so made by the appellant and his committee in his behalf.

On the 11th day of July, 1911, the committee of the person and property of the plaintiff was duly discharged and the plaintiff relieved from such incompetency. This action is brought by the appellant to have it declared and adjudged that the legal title to the property bequeathed to the appellant was at the time of the execution of said assignment, vested in the trustees under said will, in trust for the appellant according to the terms and provisions of the said will, and to have the order of February 7, 1908, and the assignments made pursuant thereto, and the judgment of June 10, 1908, annulled, vacated and set aside.

There is no claim that the facts alleged in the action for divorce and shown on the trial were not true and sufficient on which to base the judgment dissolving the marriage. Both of the parties to that action in reliance upon the judgment therein have married again. In this action the court made a decision by which the facts stated in substance in this opinion

among others were found and included therein is a finding: "That no threat or duress of any kind or character was practised upon said Walter S. West in connection with any of the matters above set forth." Also, "That said Walter S. West and his committee William J. Delaney were and each of them was represented and advised by able attorneys at law upon all of the proceedings and action above described and during all the negotiations incident thereto."

No evidence was produced in this case to show collusion, threat, deception, or the suppression or misstatement of the facts in connection with any act, agreement, proceeding or action affecting the appellant or his committee. All claim of fraud by the respondents was expressly disclaimed by counsel for appellant at the trial.

The appellant asserts three conclusions of law, all of which it is urged by him were ignored by the court in dismissing his complaint.

1. That the appellant at the time of making the assignments mentioned had no assignable interest in the estate of his father or the trust created under and by his will.

2. That the appellant's former wife, having remarried in 1910, the assignments, if otherwise valid, are only enforceable to the extent of one-half of the amount thereof.

3. That the court did not have jurisdiction of the subject-matter of the action in which judgment was entered June 10, 1908.

The intention of the testator as to the principal of the trust fund held for the appellant is shown by the will. After directing the payment of the net income on one-third of the rest, residue and remainder of his property, as in the will provided, the testator directed his trustees to pay fifteen thousand dollars to his son, the appellant, " When he shall arrive at such age of thirty-five years"; and when he shall arrive at the age of forty years to " pay over and transfer to my (testator's) said son Walter S. West, the entire remaining portion of said one-third

of my property, *to whom I give, devise, and bequeath the same subject to this trust."*

Where there is a gift to another without qualification, subject to a trust and subject to be defeated in case of the death of the beneficiary before the termination of the trust, the title to such trust fund, subject only to the contingencies provided by the terms of the gift, is vested in such beneficiary. (National Park Bank of N. Y. v. Billings, 144 App. Div. 536; affd. on prevailing opinion in Appellate Division, 203 N. Y. 556; Stringer v. Young, 191 N. Y. 157, 165; Clowe v. Seavey, 208 N. Y. 496.)

The will in this case did not provide a trust to receive the income and apply it to the use of the appellant. The appellant is the beneficiary of the trust subject only to the trust itself and subject to his beneficial interest in the principal of such trust fund being defeated by his death before the times therein specified. Such a beneficial interest in the principal of a trust fund may be transferred. (Personal Property Law, § 15; Real Property Law, § 103.)

At the time of the agreement made by the plaintiff and his committee with his wife and at the time of the judgment in the action for divorce there existed the possibility of the appellant's discharge from his disability and the further possibility of his selling and transferring any and every transferable interest that he had in his father's estate.

The sale and dissipation of every transferable interest which he had in his father's estate made it possible that the provisions in the judgment of divorce for the support and maintenance of his wife and children would be wholly defeated at least so far as they related to payments to be made after the appellant arrived at the age of forty years.

On the part of the appellant and his committee there existed the possibility of an application to the court under section 1772 of the Code of Civil Procedure for an order requiring the appellant to give security for the payments provided by the

judgment of divorce and that appellant's interest in his father's estate might in some way be held as security for such payments. It was under these circumstances that the agreement in regard to the assignments and the assignments were made. The assignment of $100,000 was not for the benefit of the plaintiff's wife alone, but for his children. It was assigned subject to the trust provided therein and the principal of the trust was made payable as hereinbefore stated to his children and the survivor of them, and in case of the death of both of said children then to the appellant himself, or in case of his death to his devisees and next of kin. The assignments were made pursuant to a contract between the parties executed under the immediate direction of the court. Such a contract is in no way affected by the provisions of section 1771 of the Code of Civil Procedure. The agreement was a completed one and the parties thereto have acted in reliance thereon. It is not attacked for mistake, duress or fraud. The assignments are not affected by the marriage of the plaintiff's former wife to another.

We have thought it desirable to refer to the merits of this case although we are of the opinion that the court had, upon the facts and under the circumstances disclosed, jurisdiction of the subject-matter of the action in which judgment was entered June 10, 1908. The trustees were, on the facts stated in the pleadings in that action, entitled to the direction of the court. All of the parties interested in the matters now before the court were parties to that action and are bound by the judgment entered therein.

The judgment should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., COLLIN, CUDDEBACK, HOGAN, CARDOZO and SEABURY, JJ., concur.

Judgment affirmed.