## BREWSTER v. GAGE, Collector of Internal Revenue.

Circuit Court of Appeals, Second Circuit. February 4, 1929.

No. 176.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and W. H. Trigg, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C. (Richard A. Grimm, U. S. Atty., of Buffalo, N. Y., of counsel), for plaintiff in error.

Castle & Fitch, of Rochester, N. Y. (J. Sawyer Fitch, of Rochester, N. Y., of counsel), for defendant in error.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge. This action was brought to recover income taxes alleged to have been erroneously and illegally collected as additional taxes for the years 1920, 1921 and 1922. Defendant in error filed his return for these years, and reported profits to him realized on the sale of securities which he received as a residuary legatee under his father's will. His income or profit differs in amount according to the date of the death of his father, May 20, 1918, or the date of distribution, April 19, 1920. The court below held the profit was determinable by subtracting from the sale price the value of the stock so sold at the date of distribution.

Section 213 of the Revenue Act of 1918, 40 Stat. 1065, in referring to the term "gross income," provides that it does not include "the value of property acquired by gift, bequest, devise, or descent (but the income from such property shall be included in gross income)." And section 202(a) of the Revenue Act of 1918 (40 Stat. 1060) provides that, for the purpose of ascertaining the gain derived or loss sustained from the sale or other disposition of property, the basis shall be, in the case of property acquired before March 1, 1913, the fair market price or value of such property as of that date, and, in the case of property acquired on or after that date, the cost thereof. Section 202(a) of the Revenue Act of 1921 (42 Stat. 229) provides that, in ascertaining profit or loss on the sale or other disposition of property acquired after February 28, 1913, "in the case of such property, acquired by bequest, devise, or inheritance, the basis shall be the fair market price or value of such property at the time of such acquisition."

The question presented to us is whether the defendant in error "acquired," as such residuary legatee, the securities which he sold at the date of his father's death or the date of the order of distribution. Upon death, the executor or administrator of an estate obtains legal title, and maintains it during a suitable period of administration; but he holds the property so obtained as a trustee for the proper administration for all the parties interested therein. The legal title of all personal property of a decedent, including chattels and choses in action, vests in the personal representative as of the date of death of the decedent. Schouler on Wills, § 2061. But a legatee under a will, subject to the use of the property for the purpose of administration, acquires that to which he is entitled at the instant of the testator's death. Matter of Lansing, 182 N. Y. 238, 74 N. E. 882; Vail v. Vail, 49 Conn. 52; Cook v. McDowell, 52 N. J. Eq. 351, 30 A. 24; Hardy v. Boaz, 29 Ala. 168. When the testator makes his will, he makes his gift. The rights of the legatee are thus fixed. Of course, his property is subject to his debts, and the residuary legatee's rights to the property he may obtain must stand proportionately the burden of that obligation. Blood v. Kane, 130 N. Y. 514, 29 N. E. 994, 15 L. R. A. 490.

But the legatee obtains a right which he may convey or devise by will. His is an equitable title. The executor (or administrator, if it be a case of intestacy) must account as the will (or law) directs and perform his trust accordingly. When the decree of distribution is made, it relates back to this original right, and distribution gives to the distributee no new title to the property, but only asserts the property to which title shall attach. Wager v. Wager, 89 N. Y. 161; Foster v. Fifield, 20 Pick. (Mass.) 67; Thompson v. Thomas, 30 Miss. 152. Equitable assets are governed by the same rules as legal assets. Perry on Trusts (6th Ed.) § 357. The owner may sell and dispose of them or make conveyance thereof by will. West v. Burke, 219 N. Y. 7, 113 N. E. 561; Sanders v. Soutter, 136 N. Y. 97, 32 N. E. 638. The legal title which is outstanding in the executor during the period of administration has no value in and of itself, and, had it been sought to have been made the subject of a sale, carrying no right to equitable title, it would have commanded no price nor interfered with the carrying out of the trust of the administrator. To ignore the gain upon so much of the sold title as was equitable would be a subordination of that which is real and substantial to that which is neither. It could not have been the intent of Congress to take the legal title apart or separate from that which would pass as earnings to one who is entitled to the equitable title or beneficial interest in the property.

It surely was not the intent of Congress that the acquisition of a mere legal title should completely wipe out or render untaxable the gain which had been acquired by the equitable ownership, and which was, in fact, realized upon the sale made when the date of distribution arrived. Moreover, it would be an unfortunate construction, which is not demanded by the statute, that would place it within the power of personal representatives and the real owners, namely, the legatees or distributees, to defer distribution in order to escape tax. This should be avoided. Frequently the

personal representatives and the beneficiaries are the same persons or members of the same family, and the temptation would be opened, where there is a period of rapidly increasing values, to defer distribution until, in the judgment of all concerned, the peak in the market had been reached, so that thereafter sales of the distributed property would register little or no profit and perhaps losses. It would not do to permit heirs and devisees to bring about a postponement of the acquisition of property for such purposes. Heirs and devisees to realty have legal title vested in them at the date of decedent's death. It is just and reasonable to place both classes of property upon the same basis, without a distinction resting solely upon whether the property be realty or personalty.

■ The Treasury Department, in considering the Revenue Acts since 1913 and the exemption from income tax of property acquired by gift, bequest, devise or descent (section 4 Act of 1916, 39 Stat. 758; section 1200, Act of 1917, 40 Stat. 329; section 213 (b), subd. 3, Act of 1918, 40 Stat. 1065; Act of 1921, 42 Stat. 238; Act of 1924, 43 Stat. 268, and Act of 1926, 44 Stat. 24 [26 USCA § 954]), has consistently held that the basic date for the computation of gain or loss on the sale of property so acquired is that of the decedent's death (paragraph 44, Regulation 33, 1918; article 1562 of Regulation 45, 1919; article 1562 of Regulation 45, 1920; article 1563 of Regulation 62, 1922; article 1594 of Regulation 65, 1924; and article 1594 of Regulation 67, 1926). Great weight will be given to contemporaneous construction of an act of Congress by department officials, who are called upon to act under and carry out its provisions, particularly if there be uncertainty or ambiguity. Swendig v. Washington Co., 265 U. S. 322, 44 S. Ct. 496, 68 L. Ed. 1036; Nat. Lead Co. v. United States, 252 U. S. 140, 40 S. Ct. 237, 64 L. Ed. 496; United States v. Hermanos, 209 U. S. 337, 28 S. Ct. 532, 52 L. Ed. 821; United States v. Finnell, 185 U. S. 236, 22 S. Ct. 633, 46 L. Ed. 890.

Three decisions were referred to in the court below and are urged upon us here. Matter of F. W. Matthiessen, Jr., 2 B. T. A. 921; Alice Fisher Foster v. Commissioner, 7 B. T. A. 1137; Matthiessen v. United States, in the Court of Claims, reported in the Commerce Clearing House Federal Tax Service for 1927, vol. 3, p. 7535. In the Matter of Matthiessen, Jr., supra, the taxpayer was a residuary legatee under the will of his father, who died February 11, 1918, in Illinois, and on March 13, 1918, the executors, trustees, and beneficiaries agreed upon a distribution of the estate, subject to a provision for refunding pro rata to the executor sufficient funds wherewith to meet liabilities of the estate. Shares of corporate stock which remained in the father's name on November 12, 1918, were made out in the name of Matthiessen, the son. On November 19, 1918, he sold the stock. The board held that he acquired it at the date of the agreed distribution, and not at the date of his father's death. The board said that it was true the taxpayer did acquire a right on the death of the testator, but that right was not a property right in the stock which was the subject-matter of the transaction involved in the appeal. The most that the taxpayer, as residuary legatee, could do, was to demand at the time of the death of the testator a proper administration of the estate and a distribution of the assets as they remained after all debts and claims were settled. But, under the law, the right to a distributive share of personalty in an estate of an intestate vests instanter in the heir upon the death of the owner and not from the time of distribution. Distribution gives the distributee no new title, but only ascertains the property to which the title attaches. Christe v. Railroad Co., 104 Iowa, 707, 74 N. W. 697.

In United States v. Jones, 236 U. S. 106, 35 S. Ct. 261, 59 L. Ed. 488, Ann. Cas. 1916A, 316, relied upon by the board, involved a succession tax. No account was taken of the vesting in interest, but only the question of the vesting in possession and enjoyment, and it is not in point. The court did say that personal property did not pass "directly from the decedent to the legatees or distributees, but goes primarily to the executor or administrator." This, of course, means that possession and enjoyment by the legatee was postponed. It was there held that, until the distribution, the distributee certainly was not entitled to receive or enjoy any part of the property. Foster v. Commissioner, 7 B. T. A. 1137, followed the Matthiessen Case. Later, Matthiessen, after paying the tax, brought the action in the Court of Claims to recover the taxes found by the board, and also a larger sum; the claim being that his acquisition did not occur until his certificates of stock were handed to him and transferred on the books of the issuing corporation. The Court of Claims followed the board's decision, relying upon United States v. Jones, 236 U. S. 112, 35 S. Ct. 261, 59 L. Ed. 488, Ann. Cas. 1916A, 316. But, for the reasons which we have advanced, we cannot agree with the decisions in the Mat-

thiessen Case, either by the Board of Tax Appeals or in the Court of Claims. These reasons are more persuasive to us, and, with the departmental construction justified by the rules of law, lead us to direct that the judgment below be reversed.

Judgment reversed.