RIDDLE v. UNITED STATES.
No. H–398.

Court of Claims.
Dec. 23, 1929. As Modified March 3, 1930.

Nelson S. Spencer, of New York City (Spencer, Ordway & Wierum, of New York City, on the brief), for plaintiff.

H. A. Cox, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen. (T. H. Lewis, of Washington, D. C., on the brief), for defendant.

Before BOOTH, Chief Justice, and GREEN, WILLIAMS, LITTLETON, and GRAHAM, Judges.

GREEN, Judge.

The plaintiff brings suit as administratrix of the estate of Ada B. Pope, deceased, to recover the amount of income taxes for the year 1917, which, it is alleged, was col-

lected from the decedent and her executor in excess of the amount lawfully due.

There is no substantial dispute over the facts in the case. Alfred A. Pope died August 5, 1913. By his will he bequeathed the residue of his estate, first, four-tenths to his wife, Ada B. Pope; second, one-tenth to trustees to pay the income thereof to his wife, Ada B. Pope, during her life, and upon her death to a person specified; third, four-tenths to trustees and to his daughter; fourth, one-tenth to trustees in trust to pay the income thereof to his wife, Ada B. Pope, during her life, and upon her death to persons specified.

The residuary estate was distributed on November 7, 1917, and on that date Ada B. Pope received certain securities which were fairly worth at that time $85,990, but which, at the time of the death of Alfred A. Pope, were worth only $81,350. Needing cash on the same day the distribution was made, she transferred these securities back to the distributors and received from them in cash, or the equivalent thereof, the value thereof at the time of the distribution. The Commissioner held that a gain in the amount of the difference of the two values, namely, $4,640, had been realized in the transaction by Ada B. Pope, and assessed her income tax for 1917 accordingly. The question here to be determined is whether this action of the Commissioner was proper.

The statutes which govern the determination of a taxable gain in this case require that such a gain must be realized by the taxpayer after he has acquired the property, and the question of whether such a gain as is herein involved is taxable must depend upon whether, within the meaning of the statute, the property which was exchanged in this case was "acquired" at the date of the testator's death or at the date when distribution was made of the estate and the legatee received it.

We have heretofore had occasion to consider this question, and have discussed it at some length in the case of F. W. Matthiessen, Jr., v. United States, 65 Ct. Cl. 484, certiorari denied 278 U. S. 609, 49 S. Ct. 13, 73 L. Ed. 535.

The same question was also elaborately discussed in the case of Appeal of F. W. Matthiessen, Jr., 2 B. T. A. 921. In both of these cases it was held that the property was not "acquired" within the meaning of the law by the legatee until the time of distribution. We think there is little to be added to the reasoning which is presented by the de-

cisions in the cases cited, but in view of the fact that the Circuit Court of Appeals, Second Circuit, in the case of Brewster v. Gage, 30 F.(2d) 604, 605, after reviewing these decisions, expressed a contrary opinion, it may be well for this court to give its reasons for still adhering to its former conclusion, notwithstanding the views expressed in the last-named case.

In Brewster v. Gage, supra, it is said that "the legatee obtains a right which he may convey or devise by will." This is true, but he cannot convey the property itself, and cannot make a sale or exchange thereof. All that he can convey is a contingent right. Under such circumstances it does not seem to us that he can be said to have acquired the property bequeathed to him, until he actually receives it under the distribution of the estate.

It is also said in Brewster v. Gage, supra, that it was not the intent of Congress that the acquisition of a mere legal title should completely wipe out or render untaxable the gain which had been acquired by the equitable ownership. We do not think that by and through the final distribution the legatee acquired a "mere legal title" only. He acquired an absolute title, as distinguished from a contingent interest. True, the government would receive in some instances more revenue if any gain arising between the time of the death of the testator and the distribution was subject to tax, but the fact that this plan would produce a little more revenue does not seem to us any evidence that Congress intended to impose a tax.

It is also claimed on behalf of the defendant that the Bureau of Internal Revenue has publicly construed the statute in question, and as that statute was subsequently re-enacted, the presumption is that Congress has adopted the departmental construction. We do not think the decisions and regulations of the department on this question are so clear and harmonious that it could be said to have adopted, as a definite rule, the principle that the basic date for determining gain or loss upon the sale of a legacy is the death of the testator. But even if it may be said that the department has publicly so ruled, Congress has seen fit to definitely correct the error. The act of 1928, section 113(a) (5), 45 Stat. 819, provides, after mentioning certain instances not here applicable, with reference to the tax on gains realized by legatees upon sales of property bequeathed to them: "In all other cases if the property was acquired either by will

or by intestacy, the basis shall be the fair market value of the property at the time of the distribution to the taxpayer."

Our conclusion is that the Commissioner erred in assessing a tax against Ada B. Pope on account of the increase in the value of the stock between the time of the death of the testator and the time it was distributed to her.

The plaintiff also contends that the Commissioner wrongfully included, as a part of the income of Ada B. Pope, certain income which had been received by the executors of the estate of Alfred A. Pope, and turned over by them to the trustees of the two trusts, which have already been shown to be created by his will. The provisions of the will required the trustees to collect and receive the income from the property so left in trust, and apply such income to the use of Ada B. Pope, during her life. Up to the time when the distribution was made, as recited above on November 7, 1917, income had accrued on the trust property of these two trusts, which income, together with the principal of the trust funds, was at that date turned over to the trustees and by them treated as part of the principal of the several trusts. This income was never claimed by Mrs. Pope or received by her, but the Commissioner included it as part of her income for the year 1917, and she now seeks to recover the amount which her tax was thereby increased.

It is urged on behalf of defendant that this income was in fact the property of Ada B. Pope, and in support of this contention Lawrence v. Security Co., 56 Conn. 423, 439, 15 A. 406, 409, 1 L. R. A. 342, is cited as follows: " * * * It is well established that where there is the bequest of the whole, or of an aliquot part of the residue, of an estate, to a legatee for life, remainder over, and no time is fixed by the will for the commencement of such life-use, the legatee is entitled to the use or income of the clear residue, so bequeathed, as the same may be at last ascertained, to be computed from the death of the testator; is entitled to the income which may accrue during every moment of life subsequent to the moment when the will becomes an operative instrument, unless it places some limitation upon such enjoyment."

The will of Alfred A. Pope contains no such limitation, either express or implied.

Conceding the rule to be as stated above, still another question remains.

The tax upon this income was assessed under the Revenue Act of 1916 (39 Stat.

756). This act provided, in substance, that the income received by estates of deceased persons, and from any kind of property held in trust should be taxed, and further recited: "the tax in each instance, except when the income is returned for the purpose of the tax by the beneficiary, to be assessed to the executor, administrator, or trustee, as the case may be." Ada B. Pope made no return of this income.

Such being the provisions of the law under which this tax in question was assessed, we think it clear that the law required it to be assessed against the executors or the trustees. In fact it was in the first instance assessed to and paid by the trustees, and the plaintiff has at all times claimed it was properly assessed to the trustees. The Commissioner's office finally came to a different conclusion, assessed the tax on this income to Mrs. Pope, and tendered to the trustees a check for the tax so paid by them, which they declined to receive.

We have no occasion to determine anything more than whether this tax was rightfully assessed against Ada B. Pope. We therefore express no conclusion as to whether, under the 1916 act, the assessment for this income should have been made against the executors of the estate of Alfred A. Pope, or against the trustees to whom they paid over the income. Nor is it necessary for us to decide whether the trustees correctly treated this income as part of the principal of the two trusts. Under the 1916 statute, it is quite clear that this income should not have been assessed against Ada B. Pope, and her tax should be reduced accordingly.

The next question to be determined relates to the deduction claimed by plaintiff on account of inheritance taxes paid by the executor of the estate of Alfred A. Pope to the state of Connecticut on the distributive share of Ada B. Pope in that estate.

The will of Alfred A. Pope directed the executor to pay, as an expense of administration, all inheritance taxes which might be assessed on any of the legacies bequeathed by the will. The Commissioner in assessing the income tax of Ada B. Pope allowed, as a deduction, the amount of inheritance tax paid by the executor on her distributive share. The plaintiff claims that this allowance was insufficient, and that as she was bequeathed four-tenths of the residue of the estate, there should have been a deduction allowed on her income of four-tenths of the tax on such residue. The only question, therefore, that we have to decide in the case is whether an

additional deduction should have been granted, as claimed by her.

The provision of the will, with reference to the payment of inheritance taxes, undoubtedly reduced the amount which eventually went to Ada B. Pope to the extent of four-tenths of all the inheritance taxes paid on the residue of the estate, but this does not entitle her to the deduction claimed. The testator might have reduced the amount which would go to her under the will by making other bequests, or making other provisions which would reduce the residue, four-tenths of which was bequeathed to her. The law allowed her a deduction for taxes paid, and these taxes were not paid by her or charged to her. Under the will, they were paid by the executor as part of the expenses of administration, and were deducted as such before the residue was distributed. It is clear that Ada B. Pope was entitled to no further deduction beyond that which had already been allowed.

It follows from the views above expressed, that the plaintiff is not entitled to recover on account of the failure of the Commissioner to allow a greater deduction in the income-tax return on account of inheritance taxes paid on Ada B. Pope's share of the residuary estate of Alfred A. Pope. The estate is, however, entitled to recover the amount that the taxes have been increased on account of the inclusion by the Commissioner, in her gross income for 1917, of $4,640 as taxable gain realized on exchange of securities; and also by reason of the Commissioner having included in her gross income, for the same year, the amount of $92,074.98, being income received from the executors of the estate of Alfred A. Pope, by the trustees of the trusts in which she had a life estate. Computing the taxes upon the estate of Ada B. Pope for 1917, in accordance with the conclusions stated above, we find that there is an overpayment, on the taxes of the estate of Ada B. Pope for the year 1917, of $42,056.69, which sum her estate is entitled to recover with six per cent. interest on $7,266.35 from June 13, 1918, and on $34,790.34 from November 2, 1925, computed on both sums up to the date determined by the Commissioner in accordance with law.

Judgment will be rendered accordingly.

### Order.

Now this third day of March, 1930, it is ordered by the court, that so much of the opinion rendered in this case as refers to the rule applicable in fixing the date when Ada B. Pope acquired certain securities under the will of Alfred A. Pope, which were distributed to her by the executors of his estate as a part of the residuary estate, be withdrawn and set aside, together with any and all other portions of said opinion based thereon; and upon the authority of Brewster v. Gage, 50 S. Ct. 115, 74 L. Ed. ——, decided by the Supreme Court, January 6, 1930, it is held by the court that she acquired said securities at the date of the death of the said testator within the meaning of the revenue law in force at that time, and that the estate of Ada B. Pope is not entitled to recover the amount which her taxes have been increased, on account of the inclusion by the Commissioner in her gross income for 1917, of $4,640 as taxable gain realized on the exchange of securities.

It is further ordered and adjudged that the conclusion of law and judgment heretofore entered in this case be set aside and held for naught, and in lieu thereof the conclusion and judgment is hereby entered and ordered as hereinafter set forth, and it is further ordered by the court that the motion for new trial be otherwise overruled.

### Conclusion of Law.

Upon the special findings of fact heretofore made and entered, which are made part of the judgment herein, the court decides, as a conclusion of law, that the plaintiff is entitled to recover the sum of $40,432.72, with interest, as provided by law.

It is therefore ordered and adjudged that the plaintiff recover of and from the United States, the sum of forty thousand, four hundred thirty-two dollars, and seventy-two cents ($40,432.72), together with interest at the rate of six per cent. per annum computed as follows:

On five thousand six hundred forty-two dollars and thirty-eight cents ($5,642.38) of the amount so recoverable from June 13, 1918; on thirty-four thousand seven hundred ninety dollars and thirty-four cents ($34,790.34), being the balance recoverable, from November 2, 1925; and on both of said sums up to such date as the Commissioner of Internal Revenue may determine, in accordance with the provisions of subsection (b), section 177, of the Judicial Code (28 USCA § 284(b) being a part of the Revenue Act of May, 1928 (45 Stat. 877, § 615).

WILLIAMS and LITTLETON, Judges, did not hear and took no part in the decision of this case.

BOOTH, Chief Justice, and GRAHAM, Judge, concur.