BENJAMIN G. CHAPMAN, JR., EXECUTOR, ESTATE OF FANNIE H. HIGBEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 25133, 31758. Promulgated February 27, 1930.

*Rhoades E. Cave, Esq.*, for the petitioner.
*R. W. Wilson, Esq.*, for the respondent.

109

OPINION.

MARQUETTE: In view of the pleadings herein and the admissions made by counsel at the hearing, the only controversy between the parties to this proceeding is as to the date that Fannie H. Higbee acquired, within the meaning of the Revenue Acts of 1921 and 1924, the 4,956 shares of the capital stock of the Burroughs Adding Machine Co. that were distributed to her on August 7, 1918, pursuant to the decree of the Circuit Court of the city of St. Louis.

The petitioner contends that Fannie H. Higbee acquired the stock on the date of distribution, while the respondent takes the position that she acquired it, within the meaning of the taxing statutes, on the several dates it was received by the trustees of the trust created by the will of William R. Pye. The parties appear to be in accord as to the basic values to be used in computing profit and loss on the subsequent sales of the stock, depending on the date of acquisition by Fannie H. Higbee, and the petitioner concedes that if the position of the respondent as to the date of acquisition is well taken, the deficiencies determined by him are correct.

The petitioner relies on the cases of *F. W. Matthiessen, Jr.*, 2 B. T. A. 921; *Alice Fisher Foster*, 7 B. T. A. 1137; *Nellie B. McGee*, 13 B. T. A. 1181; and *F. W. Matthiessen, Jr.*, v. *United States*, 65 Ct. Cls. 484, in which it was held that a legatee under a will acquires personal property within the meaning of the Revenue Acts of 1918 and 1921 when such property is distributed by the executor and that gain or loss on the subsequent sale of the property should be computed from the date of distribution. The applicable provision of the Revenue Act of 1924 is identical with the provisions of the Revenue Acts of 1918 and 1921 and the same meaning must be given to the word " acquired " in the Act of 1924 as in the prior acts.

We are of opinion that the contention of the petitioner that Fannie H. Higbee acquired the shares of stock in question when they were actually distributed to her by the trustees can not be sustained in view of the recent decision of the Supreme Court of the United States in *Brewster* v. *Gage*, 280 U. S. 327. In that case the petitioner's father died testate May 20, 1918. The surrogate's

court at Rochester, N. Y., entered a final decree April 19, 1920, pursuant to which certain stocks were distributed to the petitioner as one of the residuary legatees. For his income-tax returns he computed profit or loss on each sale by comparing the selling price of the stock with its value at the date of the decree of distribution and paid the amounts so determined. The Commissioner held that the values of the stock at the date of the testator's death should be taken for the calculation of income, and on that basis assessed for each year an additional tax, which petitioner paid under protest. The petitioner brought an action in the District Court for the Western District of New York to recover the amounts so exacted. That court gave judgment for him. The Circuit Court of Appeals reversed the judgment of the District Court. The case was taken to the Supreme Court of the United States on writ of certiorari and that court, affirming the judgment of the Circuit Court of Appeals, said in part:

Upon the death of the owner, title to his real estate passes to his heirs or devisees. A different rule applies to personal property. Title to it does not vest at once in heirs or legatees. *United States* v. *Jones*, 236 U. S. 106, 112. But immediately upon the death of the owner there vests in each of them the right to his distributive share of so much as shall remain after proper administration and the right to have it delivered upon entry of the decree of distribution. *Sanders* v. *Soutter*, 136 N. Y. 97; *Vail* v. *Vail*, 49 Conn. 52; *Cook* v. *McDowell*, 52 N. J. E. 351. Upon acceptance of the trust there vests in the administrators or executors as of the date of the death, title to all personal property belonging to the estate; it is taken, not for themselves, but in the right of others for the proper administration of the estate and for distribution of the residue. The decree of distribution confers no new right; it merely identifies the property remaining, evidences right of possession in the heirs or legatees and requires the administrators or executors to deliver it to them. The legal title so given relates back to the date of the death. *Foster* v. *Fifield*, 20 Pick. 67, 70; *Wager* v. *Wager*, 89 N. Y. 161, 166; *Thompson* v. *Thomas*, 30 Miss. 152, 158.

Petitioner's right later to have his share of the residue vested immediately upon testator's death. At that time petitioner became enriched by its worth which was directly related to and would increase or decline correspondingly with the value of the property. And, notwithstanding the postponement of transfer of the legal title to him, Congress unquestionably had power and reasonably might fix value at the time title passed from the decedent as the basis for determining gain or loss upon the sale of the right or of the property before or after the decree of distribution. And we think that in substance it would not be inconsistent with the rules of law governing the descent and distribution of real and personal property of decedents to construe the words in question to mean the date of death.

The decree of the Circuit Court for the City of St. Louis created no new property right. It merely declared and defined rights that then and had theretofore existed, rights that belonged to Fannie H. Higbee, which were vested in her by the will of her uncle, William

R. Pye, and which became effective, in so far as the stock dividends involved herein were concerned, when the dividends were received by the trustees. Under the construction placed upon the will by the Circuit Court, Fannie H. Higbee had, as a beneficiary of the trust created by the will, the right to have one-half of the stock dividends conveyed to her as and when they were· paid to the trustees. That she did not assert her right or attempt to enforce it until later, and did not actually receive the stock until 1918, does not alter the situation. The right nevertheless existed. In view of the decision of the Supreme Court of the United States in *Brewster* v. *Gage, supra,* we are constrained to hold that Fannie H. Higbee acquired her share of the stock dividends in question, within the meaning of the Revenue Acts of 1921 and 1924, at the dates they were received by the trustees.

Reviewed by the Board.

*Judgment will be entered for the respondent.*