### RIEDERER v. PFAFF et al.

(Circuit Court, D. Oregon. June 1, 1894.)

No. 2,049.

CHATTEL MORTGAGE—SUBSEQUENT MORTGAGEE.

A chattel mortgage is valid without renewal, as against a subsequent mortgagee with actual notice, since he is not a mortgagee "in good faith."

Action by Ludwig Riederer against Emil Pfaff, Portland National Bank, and J. L. Hartman to foreclose a chattel mortgage.

T. J. Geisler, for plaintiff.
W. D. Fenton, for defendants.

BELLINGER, District Judge. This case is tried on a stipulation of facts. On August 17, 1892, one Emil Pfaff was indebted to the plaintiff in the sum of $3,500, secured by a chattel mortgage in Yamhill county. On that date, to further secure this debt upon chattels acquired since this mortgage was given, he executed a new chattel mortgage, which was filed in the proper records on the date of its execution. On February 6, 1893, Pfaff was indebted to one Velten for $450, to secure which, and future advances, he executed a chattel mortgage upon the property already mortgaged to complainant. At the time Pfaff gave the mortgage to Velten, he informed the latter of the existing mortgage in favor of the complainant, but stated to him, in that connection, that there was no consideration for such prior mortgage; that the same was merely intended to protect Pfaff against his creditors. The Velten note was assigned after maturity to the defendant Hartman, who now holds it. On February 18, 1893, Pfaff was indebted to one Marquam, in the capacity of trustee and agent for the defendant bank, in the sum of $296. To secure this debt, Pfaff gave Marquam a third chattel mortgage on the property in question, at the same time informing Marquam of complainant's mortgage, and making the same representations respecting it that were made to Velten.

There was no renewal of complainant's mortgage within the year, and the question is, did the complainant lose the priority of his lien over the mortgages of the defendants by his failure to file the renewal affidavit provided by statute? I am of the opinion that he did not lose his prior right by such failure to renew.

In this state, it is provided that a chattel mortgage shall cease to be valid, "as against the creditors of the person making the same or subsequent purchasers or mortgagees in good faith after the expiration of one year from the filing of the same," unless an affidavit of renewal is filed within 30 days next preceding the expiration of the year. Those from whom defendants took their mortgages did so with actual notice of complainant's lien. In its results, "good faith" is synonymous with "conscience." It embraces those obligations which are imposed upon one, in dealing with property, by the circumstances surrounding it at the time. It is not questioned but that, at the time defendants' mortgages were taken, the property was subject to complainant's lien; that Pfaff held it subject to complainant's right. That right continues until cut off by a superior right,—by a right which, in conscience, is entitled to preference. It is fundamental that such preference cannot be acquired by any one having notice of the existing right. Lord Hardwicke laid it down that "the taking of a legal estate after notice of a prior right makes a person a mala fide purchaser. Le Neve v. Le Neve, 2 White & T. Lead. Cas. Eq. (4th Am. Ed.) 109. Undoubtedly, it is an act savoring of fraud for a person who has received actual, direct notice of another's right to go on, and knowingly acquire the property, in violation of that other's right." Pom. Eq. Jur. § 591. The result does not, however, depend upon fraud in the subsequent purchaser, who may intentionally assume the position of subsequent holder, as was done in this case. Having done so the failure of the

prior mortgagee to comply with the technical rule of the statute, requiring him to file a renewal affidavit, creates no equities in such subsequent purchaser. The words "good faith," in the statute, are therefore synonymous with "without notice." Bank v. Sprague, 21 N. J. Eq. 536; Sayre v. Hewes, 32 N. J. Eq. 655. At the time that Pfaff informed the second mortgagees of the existing mortgage, he informed them that such mortgage was a fraudulent and void one. The mortgagees, under these circumstances, were not justified in relying upon Pfaff's explanation of the existence of the complainant's mortgage. They are chargeable with such representations as were against his interest, but they cannot avail themselves of communications in his own favor. Except as to such of the property as was not included in the prior mortgage, the decree will be for the complainant. The expenses incurred by the defendants in taking possession of the property must be borne by them.