LEE & CADY *v.* FARR.

CHATTEL MORTGAGES — EXEMPTIONS — RECORDING — POSSESSION OF GOODS.

Where a debtor's exemptions remain absolutely his, entirely independent of his indebtedness, and a free subject for barter and sale, donation or hypothecation by him, they are not excepted from Act No. 163, Pub. Acts 1915 (3 Comp. Laws 1915, § 11988), providing that every mortgage of goods which is not accompanied by immediate delivery and actual and continued change of possession of such goods shall be void as to creditors of, and subsequent purchasers from, the mortgagor, or mortgagees in good faith unless the mortgage or true copy thereof be filed.

Error to Wayne; North, J., presiding. Submitted April 9, 1917. (Docket No. 103.) Decided May 31, 1917.

Case in justice's court by Lee & Cady, a corporation, against Frederick J. Farr for refusal to deliver certain property claimed as exempt under a chattel mort-

gage. There was judgment for plaintiff and defendant appealed to the circuit court. Judgment for defendant. Plaintiff brings error. Affirmed.

*Henry B. Graves,* for appellant.

*Wurzer & Wurzer,* for appellee.

STEERE, J. Plaintiff is a Michigan corporation engaged in the wholesale cigar and tobacco business in Detroit, Mich., and a creditor of the retail cigar and tobacco firm of McCree & Heald, formerly doing business at 92 Woodward avenue in said city. Defendant Farr is the trustee under a trust chattel mortgage given by McCree & Heald on their stock of merchandise and fixtures for the benefit of their general creditors. This controversy is over their exemptions in said stock.

On August 26, 1916, the members of said firm, Arthur W. McCree and Walter L. Heald, executed and delivered to plaintiff, "for a valuable consideration to us in hand paid, and as security for any sum that we now owe or may hereafter owe to Lee & Cady," an assignment of their exemption interest in their stock of merchandise at 92 Woodward avenue, stated to be "so far as and only to the extent that said property now belonging to us, or which may hereafter belong to us, is or shall be exempt from levy and sale on execution against us," etc. This instrument, which is claimed and conceded to be in effect a chattel mortgage, was not supported by an affidavit of good faith, as required by Act No. 163, Pub. Acts 1915 (3 Comp. Laws 1915, § 11988), to entitle it to be made of public record, and was never filed with the city clerk or other proper official. McCree & Heald were then, and continued to be, indebted to plaintiff in an amount exceeding $500 not otherwise secured.

A trust mortgage for the benefit of all their cred-

itors, including plaintiff, was executed and delivered by the members of the firm to defendant Farr on November 14, 1916. It covered their stock of merchandise, fixtures, etc., at 92 Woodward avenue, with all bills receivable and evidences of indebtedness to said firm, all other personal property of whatsoever nature belonging to them, and their interest in certain real estate held by them under a land contract. Its stated purpose and provisions were to devote the property covered by the mortgage to payment of the indebtedness of the firm, without preference or priority to any creditor. Amongst other things it provided and was "agreed that said first parties waive any and all exemptions to any portion of said property, for the purpose of applying the proceeds thereof to completing full payment of their debts, and hereby instruct said trustee to dispose of and distribute the proceeds of any exempt property included in this instrument." This mortgage was accompanied by an affidavit of good faith, stating the consideration therefor "was actual and adequate," and was filed on the day it was delivered with both the city clerk of Detroit and register of deeds of Wayne county. Shortly thereafter defendant took possession as trustee under the terms of the mortgage, inventoried the personal property described therein, located at 92 Woodward avenue, and placed the same in storage, when plaintiff, on November 17, 1916, demanded possession of said stock of merchandise, "for the purpose of selecting and retaining therefrom the property we select as exempt to Arthur W. McCree and Walter L. Heald, doing business as McCree & Heald," etc., claiming such right under an assignment of exemptions of August 26, 1916, stating in conclusion that the demand was made only for an opportunity to select exempt property from said stock. Their right to the same being denied, this action was brought.

On trial of the case before a jury in the circuit court of Wayne county, the controlling facts were undisputed, and both parties by their counsel moved for a directed verdict; each claiming as a matter of law under the conceded facts a paramount lien upon, and a right to possession of, the exemptions in question. Recognizing the instrument upon which plaintiff relied as in legal effect a chattel mortgage, the trial court held that defendant's chattel mortgage, although given later upon the same assets, was a prior lien under Act No. 163, Pub. Acts 1915 (3 Comp. Laws 1915, § 11988), because promptly filed in the city clerk's office and possession taken under it, while plaintiff's remained unrecorded, and was not accompanied by an immediate delivery, or followed by any change of possession of the things mortgaged, and directed a verdict for defendant.

It is urged in behalf of plaintiff that any disposition a debtor may make of his exemptions is not a fraud upon the rights of his creditors; that defendant Farr as trustee for the creditors, is in no more advantageous position to question plaintiff's instrument than an individual creditor would be; that his trust mortgage was given for a naked, pre-existing indebtedness to the general creditors, without any valid consideration; and that, so far as creditors are concerned, said Act No. 163 has no application to a chattel mortgage on exempt property.

Counsel cite abundant authority to sustain the proposition that under our exemption law the owner of exempt property may do with it as he likes, and his creditors are powerless to interfere. He may voluntarily mortgage, convey, sell, or give it away, and they cannot be heard to complain of any disposition he may make of it. It may be conceded that defendant is in no better position to question plaintiff's instrument than would an individual creditor be, in like position

and with like security; but we are impressed that in plaintiff's contention the importance of the latter qualification is not given due weight. Defendant in his vicarious capacity, and, indirectly, those for whom he acts, are more than mere creditors. They are mortgagees also. He, as trustee for them, is the grantee in a mortgage of this exempt property, given by the owners with their statutory affidavit attached, setting forth that the consideration therefor "was actual and adequate and that the same was given in good faith." This instrument was made of public record, by filing it with the proper officer as the law provides. To knowingly make a false statement in such affidavit, which is a prerequisite to filing, is declared by the statute to constitute the crime of perjury. No affidavit of good faith is shown to have ever been a part of or made in reference to plaintiff's unfiled instrument. While creditors were powerless to interfere or dictate as to the disposition of this exempt property, the owners, in the exercise of their right to dispose of it as they pleased, might, if so inclined, give, sell, or mortgage it to any or all of their creditors.

Both parties to this action are, or represent, creditors, and both were given mortgages on this exempt property by the owners, to plaintiff for its sole benefit, and to defendant for the benefit of all the grantors' creditors, including plaintiff, and in both cases, it may fairly be inferred, chiefly to secure existing indebtedness. Plaintiff's instrument recites that it was for a "valuable consideration," and as security for any sum the grantors "now owe or may hereafter owe." There is nothing to indicate that their indebtedness to plaintiff was thereafter increased. The same grantors made statutory affidavit that the consideration for defendant's instrument was "actual and adequate," given in good faith. Act No. 163, Pub. Acts 1915 (3 Comp. Laws 1915, § 11988), provides:

"Every mortgage or conveyance intended to operate as a mortgage of goods and chattels, which shall hereafter be made, which shall not be accompanied by an immediate delivery and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against creditors of the mortgagor, and as against subsequent purchasers or mortgagees in good faith, unless the mortgage or a true copy thereof shall be filed," etc.

In accepting the mortgage made to him and the trust it imposed, which he did in writing, defendant obligated himself to services and responsibilities for and in the interest of his grantors, as well as their creditors. As detailed in the instrument, the varied duties imposed upon him called for the assumption of responsibility, exercise of his business judgment, and expenditure of his time. We do not think it can fairly be said, against the affidavit of the grantors and the provisions of the instrument, that it was without valuable consideration. In such case, "good faith," as used in statutes relative to priority in recording or filing chattel mortgages, has been construed as meaning "without notice." *Riederer* v. *Pfaff,* 61 Fed. 872. It is not shown nor claimed that defendant had any actual notice of plaintiff's unfiled instrument, which was intended to operate as a mortgage, was not accompanied by an immediate delivery, nor followed by an actual and continued change of possession of the things mortgaged. Defendant not only represented creditors of the mortgagors, but was also a subsequent mortgagee in good faith under the disclosed circumstances surrounding these transactions.

So long as a debtor's exemptions remain absolutely his, entirely independent of his indebtedness, and a free subject of barter and sale, donation, or hypothecation by him, we see no reason why they should be excepted from the provisions of said Act No. 163 above

196—Mich.—32.

quoted, and discover no principle of law or rule of construction implying such to have been the legislative intent.

The judgment is therefore affirmed.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, BROOKE, and FELLOWS, JJ., concurred.