AUGUSTUS H. VAN BUREN, Plaintiff, *v.* ROBERT L. WENSLEY, as Trustee under the Will of RACHEL A. ELTING, and Others, Defendants.

(Supreme Court, Albany Special Term, January, 1918.)

Jurisdiction — accounting by testamentary trustees — Surrogate's Court — Supreme Court.

Assignments — negotiable instruments — mortgages — legacy — banks — equity — jurisdiction — evidence — testamentary trustees — accounting.

Though in proceedings for an accounting of testamentary trustees the Supreme Court has concurrent jurisdiction with the Surrogate's Court it will not ordinarily take jurisdiction thereof where the same questions are involved in prior proceedings in the Surrogate's Court between the same parties.

Where, in an action brought to have adjudged void two certain promissory notes made by one of the defendants to the order of plaintiff and discounted by the defendant bank for the maker; to have adjudged void for want of consideration an assignment by plaintiff to said bank of a certain legacy as collateral security for the notes; to have an assignment of an interest in a certain mortgage delivered by the defendant testamentary trustee to plaintiff in part payment of such legacy, and afterwards returned by plaintiff to such trustee, delivered back to plaintiff, and also to have the rights and priorities of the several parties as assignees of another legacy under the same will adjudicated and determined, the defendant trustee seeks equitable relief against the plaintiff and also an affirmative judgment for moneys paid to him on account of such legacy in disregard of the assignment thereof to the bank and inadvertently overlooked by the trustee upon the judicial settlement of his trust, and it is doubtful whether the Surrogate's Court has jurisdiction to determine some of the questions presented by the answer of the defendant trustee, this court should entertain the action and proceed to a determination of the questions involved.

The notes dated July 1, 1912, were payable on demand after date and the maker and the plaintiff were father and son, both of whom were lawyers. On December 23, 1913, no payment having been made on the notes, the bank requested addi-

tional security of the maker and the indorser, and plaintiff, instead of taking the position that there had been unreasonable delay in demanding payment and, therefore, he was discharged, acceded to such request and assigned the legacy to the bank " as collateral and continuing security" for the payment of the notes with interest. *Held,* that by the assignment, which is held valid, plaintiff recognized his then existing liability as indorser and it was fair to assume that the circumstances were such that the parties believed that the notes were to run for some time and that the security was to continue so long as the notes remained unpaid.

That the defendant trustee upon the evidence was entitled to the relief sought against plaintiff for the cancellation of the interest in the mortgage inadvertently assigned to plaintiff.

ACTION to have certain promissory notes, and an assignment of a legacy as security for the notes, adjudged void.

Alfred D. Van Buren (Howard Chipp, of counsel), for plaintiff.

Thomas F. Gilroy, Jr., for defendant Wensley.

Merchant, Olena & Merchant, for defendant First National Bank of Saugerties and others.

James A. Betts, for National Ulster County Bank of Kingston.

William E. Risley, for defendant Edmund Risley.

CHESTER, J. The plaintiff seeks by this action to have two promissory notes made by the defendant DeWitt Van Buren, to the order of his father, the plaintiff, and indorsed by the latter, which were discounted by · the defendant First National Bank of Saugerties, for the maker, adjudged to be void; to have an assignment made by the plaintiff to such bank of a certain legacy to him as collateral security for such notes adjudged void for want of consideration; to have an assignment of an interest in a certain mortgage delivered by the defendant Wensley, as trustee,

to the plaintiff in part payment of such legacy and afterwards returned by the plaintiff to such trustee, delivered back to the plaintiff, and also to have the rights and priorities of the several parties as assignees of another legacy under the same will adjudicated upon and determined.

The defendant-trustee seeks equitable relief against the plaintiff and also seeks an affirmative judgment against him for moneys paid to him on account of such legacy in disregard of the assignment thereof to the First National Bank of Saugerties and inadvertently overlooked by the trustee upon the judicial settlement of his trust.

There is no substantial dispute about the facts. One Rachel A. Elting, a sister of the plaintiff, died in New York county in 1907. By her will which was probated there, the defendant Robert L. Wensley became the trustee of two trusts, one of $8,000 to pay the income to the plaintiff until his daughter, Mildred, became twenty-one years of age, then to pay $2,000 thereof to said Mildred, and $1,000 thereof to each of two sons of his, Alfred D. Van Buren and Augustus H. Van Buren, Jr., and the balance, $4,000, to the plaintiff, and of another trust of $10,000 for the benefit of the defendant DeWitt Van Buren, another son of the plaintiff, to be paid to him on his reaching the age of thirty-five years.

Mildred Van Buren became twenty-one years of age on October 3, 1914, and De Witt Van Buren became thirty-five years of age on August 25, 1916. The defendant-trustee invested $2,500 of the Augustus H. Van Buren trust and $9,500 of the DeWitt Van Buren trust in a bond and mortgage for $12,000 upon New York city real estate, which he still holds.

On July 1, 1912, the defendant DeWitt Van Buren made his two promissory notes dated on that day, one for $2,500 and one for $1,875 each payable to the order

of his father, the plaintiff, at the First National Bank of Saugerties, on demand after date for value received, with interest. The plaintiff indorsed each of these notes for the accommodation of the maker and the maker discounted them to the extent of $3,875, at such bank which still holds them. The entire amount of principal and interest remains unpaid.

Some time in December, 1913, the First National Bank of Saugerties requested the defendant DeWitt Van Buren to give it some security for his notes and DeWitt drew an assignment to the bank of the $4,000 legacy above mentioned and procured his father to sign the same. DeWitt Van Buren delivered this assignment to the bank and sent a copy of the same to the defendant Wensley a day or two after it was given and received back an acknowledgment of its receipt. The assignment made by the plaintiff to the bank bore date December 23, 1913, and recites that the plaintiff indorsed the notes in question, that the bank had requested him and his son DeWitt to give additional security for the payment of said notes and that they were willing to comply with such request. By this instrument the plaintiff assigns all his right, title and interest in and to the legacy of $4,000 contained in the will of Rachel A. Elting " as collateral and continuing security for the payment of said promissory notes so executed by said DeWitt Van Buren and indorsed by said party of the first part (plaintiff) with interest." The next day, December 24, 1913, defendant DeWitt Van Buren made his promissory note dated on that day for $700 payable to the order of and indorsed by Alfred D. Van Buren at the First National Bank of Saugerties on demand after the date, with interest, and said DeWitt Van Buren discounted such note at said bank. On the same day DeWitt assigned to the bank his own legacy of $10,000 as col-

lateral security for this loan subject to two prior assignments of such legacy, one made by him to secure a $5,000 loan from the National Ulster County Bank and one to secure a $1,700 loan from one George W. Elting, who has since died.

On October 20, 1914, a decree was duly entered in the Surrogate's Court of New York county on an accounting by the defendant Wensley, as trustee of the A. H. Van Buren trust fund, which directed the distribution of such fund in the manner provided by the will and immediately thereafter the trustee made a distribution under the decree and delivered to the plaintiff an assignment to him of a $2,500 interest in the $12,000 bond and mortgage above mentioned. The trustee also paid to the plaintiff in cash on account of the legacy the sum of $1,329 and two items of interest on the mortgage of $62.50 each. The First National Bank of Saugerties was not made a party to the accounting. These payments were made by the trustee notwithstanding the assignment made by the plaintiff to the bank of his legacy. The trustee claims that he had been ill and had forgotten all about such assignment. Afterwards the trustee sought in vain for a return from the plaintiff to him of the assignment of the $2,500 interest in the mortgage and of the moneys paid to the plaintiff and finally obtained an order against the plaintiff to show cause from the surrogate in the matter. Upon the return day of the motion, the plaintiff asked an adjournment which the surrogate granted upon the plaintiff's surrendering to the trustee the assignment of the mortgage, which assignment had not been recorded. The surrogate subsequently opened the account of proceedings and vacated the decree of distribution so far as it ordered payment to the plaintiff, but left the trustee to other recourse for collecting back the money which had been

paid over. The matter is still pending. The fact that the trustee inadvertently omitted to make such bank a party to the accounting after notice of its interest and inadvertently made distribution of the trust funds to the plaintiff after he had parted with his interest cannot relieve the trustee from his liability to the ones lawfully entitled thereto.

The question is first presented as to the propriety of the Supreme Court taking jurisdiction of some of the matters involved in this action when the same matters are up for determination in the Surrogate's Court in two accountings, in prior proceedings still pending in that court between the same parties, under the two trusts above mentioned.

Notwithstanding the Supreme Court has concurrent jurisdiction with the Surrogate's Court in proceedings for accounting of testamentary trustees, the former court will not ordinarily take jurisdiction of such matters where the same questions are involved in prior proceedings between the same parties in the latter court. Here, however, some questions are presented by the answer of the defendant Wensley, as trustee, in which he seeks affirmative relief against the plaintiff which it is doubtful whether the Surrogate's Court has jurisdiction to determine even under the broad powers now given to such court. Under such circumstances I think the Supreme Court should entertain this action and proceed to a determination of the questions involved.

The plaintiff insists that the notes which he indorsed cannot be enforced against him because the bank did not demand payment and give notice of dishonor within a reasonable time. They were dated July 1, 1912, and were payable "on demand after date." Demand was not made and notice of protest given until August 24, 1916, over four years after date.

Section 131 of the Negotiable Instruments Law (Laws of 1909, chap. 43) provides that where a note " is payable on demand, presentment must be made within a reasonable time after its issue," and section 4 of the same law provides that: " In determining what is a ' reasonable time ' or an ' unreasonable time ' regard is to be had to the nature of the instrument * * * and the facts of the particular case."

The delay of demand for over four years would ordinarily be regarded as an unreasonable one, and would result in the discharge of the indorser. But in this case the facts are such that I think the delay has not been unreasonable and that the rule mentioned cannot apply. The indorser and the maker were father and son. Both were lawyers. After the notes had run a little over a year and a half with nothing paid on them the bank requested of the maker and the plaintiff some additional security for their payment. At that time, December 23, 1913, instead of taking the position that there had been an unreasonable delay in demanding payment, and therefore that he was discharged, the plaintiff expressed his willingness to comply with such request and assigned his $4,000 legacy under the will of his sister to the bank as above stated, " as collateral and *continuing* security " for the payment of such notes and the interest. By this assignment the plaintiff recognized his liability then existing as an indorser on the notes and by making the assignment as a " continuing security " it is fair to assume that the circumstances surrounding the parties were such that they believed the notes were to run for some time and that the security was to continue so long as the notes remained unpaid.

The plaintiff insists, however, that the assignment of the legacy was without consideration and therefore void. In the assignment it is stated that it is made

" in consideration of the premises and of the sum of One Dollar to him in hand paid by said party of the second part (the bank) the receipt whereof is· hereby acknowledged." The plaintiff swore that the dollar mentioned in the assignment was not paid to him and that is undoubtedly true, but his son did not swear that it was not paid to him, and the instrument of assignment which he procured his father to execute, acknowledges its payment. The court under such circumstances will hardly be justified in holding in order to defeat the instrument that it was not paid to the son who in this respect was acting as the agent of his father.

I think too that there was an agreement for forbearance here which, of itself, made a good consideration for the assignment to the bank. The legacy assigned was not yet payable and was not, until the plaintiff's daughter Mildred arrived at the age of twenty-one years, over nine months thereafter. While the agreement for forbearance was not an express one, it is fairly to be implied from the fact mentioned. That fact and the delay which might be incident to an accounting by the trustee of the fund furnish adequate reasons for the assignment of the legacy being made as a continuing security. The bank under the circumstances was bound to forbear attempting to collect the note during the period mentioned and it did in fact forbear during all that time and took no steps to protest the note until August 24, 1916, probably relying on the fact that it had a " continuing security " for its protection.

The defendant DeWitt Van Buren made various assignments of the legacy of $10,000 to him and questions are presented as to the order of priority of the various assignees under these assignments and the recording act.

It has been stipulated by all the parties that the claim of the defendant the National Ulster County Bank, for

$5,000 with interest from October 1, 1916, is the first lien upon such legacy under its assignment thereof dated April 24, 1911.

The claim next in point of time is that under the assignment to George W. Elting, since deceased, dated May 18, 1912, which is for $1,700, with interest from November 16, 1913, which is now owned by the defendants Irving Elting and Jessie E. Kunz. This claim was practically conceded by all the parties on the trial.

The plaintiff and the First National Bank of Saugerties each claim that they are next entitled to a portion of such legacy under assignments. The plaintiff's assignment was absolute on its face. It bears date December 23, 1913, was acknowledged September 6, 1917, and has not been recorded. The assignment to the First National Bank of Saugerties was dated December 24, 1913, one day later than the date of plaintiff's assignment. It was acknowledged the same day and was recorded May 23, 1917. It was made as a collateral and continuing security to a note of $700 made by DeWitt Van Buren to such bank, bearing the same date as the assignment and was expressly made subject to the assignment to the National Ulster County Bank to secure its $5,000 note and also subject to the assignment held by the estate of George W. Elting to secure a note of $1,700.

Section 32 of the Personal Property Law (Laws of 1909, chap. 45) provides that: " Every conveyance, assignment, or other transfer of, and every mortgage or other charge upon the interest, or any part thereof, of any person in the estate of a decedent which is situated within this state, shall be in writing, and shall be acknowledged or proved in the manner required to entitle conveyances of real property to be recorded." Provision is also made in the same section for recording any such instrument " in the office of the surrogate

issuing letters testamentary   *   *   *   upon the said decedent's estate.'' And further that '' if not so recorded, it is void against any subsequent purchaser or mortgagee of the same interest or any part thereof, in good faith and for a valuable consideration, whose conveyance or mortgage is first duly recorded.''

The next day after the date of the plaintiff's unacknowledged and unrecorded assignment of the legacy from the defendant De Witt Van Buren to him, the First National Bank of Saugerties loaned the latter $700 on the faith of the assignment to it by DeWitt Van Buren of the same legacy as security for such loan. There is no claim that the bank knew of the prior assignment to the plaintiff made by DeWitt Van Buren at the time it made the loan to him. The fact that the assignment to the bank was made subject to two prior assignments to secure two other loans and that the assignment to the plaintiff was not mentioned, was sufficient to lead the bank to believe that there was no other outstanding assignment than the ones mentioned. The provision in the law above quoted with respect to the good faith of a '' subsequent purchaser '' clearly has reference to the knowledge which such purchaser had at the time of the purchase and not at the time of recording the instrument. *Constant* v. *University of Rochester,* 111 N. Y. 604, 613; 133 id. 640. More than this the burden of showing notice or want of good faith rests upon those who seek to impeach the record title. Cases, *supra; Brown* v. *Volkening,* 64 N. Y. 76. That burden has not been sustained in this case. There is no proof that the bank had any notice or knowledge of plaintiff's prior assignment at the time of the assignment to it and it must be held that the plaintiff's claim is subordinate to the claim of the bank.

As the plaintiff's assignment antedates that to the

defendant Edmund Risley, and neither has been recorded, the claim of the former is superior to that of the latter.

I think also that the defendant Wensley, as trustee, is entitled to the relief he seeks against the plaintiff for the cancellation of the assignment of a $2,500 interest in the mortgage held by the trustee which has been returned to him and for the recovery of the moneys paid by him to the plaintiff pursuant to the surrogate's decree which so far as it related to the plaintiff has been vacated and set aside by the surrogate. Both the plaintiff and the defendant Wensley had been seriously ill and both had forgotten the assignment made by the plaintiff to the First National Bank of Saugerties, which bank was not, therefore, made a party to the accounting in the Surrogate's Court, and such moneys were paid and said $2,500 interest in such mortgage was assigned by the trustee and received by the plaintiff inadvertently and by the mutual mistake of the parties. The trustee should be put back so far as possible in the same position as he was before the mistake, by having a judgment against the plaintiff for the recovery of such moneys and for the cancellation of the interest in the mortgage inadvertently assigned to him.

Findings in harmony with this opinion will be signed and judgment in accordance therewith may be entered with one bill of costs in favor of the defendant First National Bank of Saugerties and the defendants Irving Elting and Jessie E. Kunz against the plaintiff, and the defendant, DeWitt Van Buren, payable by the defendant Wensley, as trusteee, out of the trust funds in his hands and with costs to the National Ulster County Bank, payable by said trustee out of the trust funds in his hands belonging to the DeWitt Van Buren trust.

Judgment accordingly.