In the Matter of the Estate of WILLIAM B. A. JURGENS, Deceased.

Surrogate's Court, Kings County, October 9, 1934.

*Tibbetts, Lewis, Lazo & Rand,* for the trustees and executors.

*Deiches & Bernson* [*Murray S. Kaplan* of counsel], for William B. A. Jurgens.

*Kaye, McDavitt & Scholer,* for the Manufacturers Trust Company, as trustee.

*Walter Jeffreys Carlin,* special guardian.

*Levy, Gutman & Goldberg,* for William B. A. Jurgens, as administrator, etc., of C. H. Ferdinand Jurgens, deceased.

*Stanton Eldredge,* for Elise H. Riechers, as executrix, etc., of Christine Wilhelmine Jurgens, deceased.

WINGATE, S.   By his will, probated in this court on April 27, 1916, this testator, in item " second " thereof, erected a trust for the life of his wife in the principal sum of $50,000, directing that upon her death its corpus " revert to and form a part of my residuary estate."   The " seventh " item directed that the residue of the estate should be divided into four equal parts, one of which was to be paid to testator's grandson, William, " upon his attaining to the age of thirty years," with a further provision that if he died prior to that time, it should pass to other named persons.

Under date of November 3, 1924, this grandson entered into a trust agreement with the Metropolitan Trust Company of the city of New York which, after reciting the residuary item of this will in full and that he would attain the age of thirty years on May 30, 1928, assigned to it " all the right, title and interest of the ' grandson ' to receive upon reaching the age of thirty (30) years, the principal of that certain trust fund created by the Last Will and Testament of the said William B. A. Jurgens for the benefit of the party of the first part."

The succeeding paragraph of this agreement reads: " All of the interest of the party of the first part in and to the principal of said trust funds or any part thereof, when, and as the party of the first part may become entitled to receive the same   *   *   * being hereinafter referred to as the ' said Trust Fund.' "

The instrument then expressly grants to the trustee thereunder the powers " to ask, demand and receive   *   *   *   the whole principal of said trust fund and the whole share of the principal of the estate   *   *   *   to which the said party of the first part may be entitled when and as he shall become entitled thereto."

The first question presented concerns the extent of the rights vested in the trustee as a result of the terms of this indenture.   At the time the grandson attained the age of thirty years, testator's wife was still living, for which reason the corpus of her trust had not yet fallen into the residue of the estate.   The payment of principal which was then made in respect to the rights of the grandson under the " seventh " item, comprised, therefore, merely his share of what may be termed the primary residue, consisting of that portion of the testator's estate then remaining in the hands of the trustees after giving effect to the first six items of the will. The life tenant of the trust under the " second " item has now

died, as a result of which the $50,000 corpus of her trust has now fallen into the residue. The question now arises as to whether the terms of the trust instrument effect an assignment thereof to the trustee. The answer to this question is obviously in the affirmative. The trust *res* of that trust, referred to as " said Trust Fund," was " all of the interest " of the grandson " in the estate " " when and as " he " may become entitled to receive the same," and the trustee was vested with full powers of collection of " the *whole share* of the principal of the estate * * * to which [the grandson] may be entitled when and as he shall become entitled thereto."

More all-inclusive words than " all " and " whole," referring to the assignor's interest in the estate are difficult to imagine. The entire interest of the grandson in both parts of the residue was vested subject to divestment by his death prior to attaining the specified age (*Matter of Weil*, 151 Misc. 841, 850; *Matter of Burling*, 148 id. 835, 841; *Matter of Leonard*, 143 id. 172, 175, 176), and, therefore, alienable. (*Matter of Leverich*, 135 Misc. 774, 783; affd., 234 App. Div. 625.) The grandson, therefore, possessed the power to transfer his entire rights under the will and used words apt and effective for that purpose. It must, therefore, be held that from the time of the execution and delivery of the trust instrument the trustee became the legal owner of all rights of every sort which were given to the grandson under the will.

The second question in the case arises by reason of certain documents executed by the grandson and the trustee at the time of the distribution of the primary residue when the former attained the age of thirty years. Those of the grandson may be disregarded since as a result of his assignment of his entire interest in the subject-matter to the trustee with the knowledge of the estate fiduciaries, he possessed no more rights in or powers in respect to the matter than any utter stranger. (*Bebee* v. *Bank of New York*, 1 Johns. 529, 565; *Sanders* v. *Soutter*, 136 N. Y. 97, 99.)

The document signed by the trustee is merely a receipt for the cash and securities delivered upon the distribution of the primary residue except that the trustee " does hereby certify that it, as assignee of said William B. A. Jurgens, as aforesaid has no further claim or demand of any nature or description against said Trustees under the Last Will and Testament of William B. A. Jurgens, deceased, or any of them."

No one has attempted to elucidate to the court how or why this phrase can have the effect of divesting the trustee of its otherwise unquestionable right to receive one-fourth of the corpus of the trust created by the " second " item of the will. It is neither a contract

nor release in form or content and even if it were, it could not be interposed as an obstacle to present recovery since, admittedly, it was wholly without consideration as the sole distribution made at that time was of money and securities which had been found presently due after a full accounting. It could not be construed as a gift, since whereas the trustee possessed legal title to the subject-matter, the fiduciary character of its holding, of which the estate trustees had full notice, informed them of its lack of authority to give away any such rights. The most that can be said for it was that it was a representation of fact which could not have greater effect than possibly to give rise to an estoppel if acted upon. No action by any one is, however, alleged to have been taken in reliance thereon. All concerned are presently in the same position as if it never had been made. It is, therefore, nugatory for all purposes.

It follows from the foregoing that the successor trustee is entitled to receive that portion of the remainder of the trust under item " Second " of the will which the testator dedicated to his grandson.

Proceed accordingly.