In the Matter of the Estate of OLINE FISCHER, Also Known as OLINE LARSEN, Deceased.

Surrogate's Court, Kings County, February 28, 1936.

*Smith, Reiher & Griffen,* for the executor, Charles E. Larsen.

*Charles W. Philipbar,* appearing in person, as assignee to the extent of $1,000 of legacy to Mae E. Wieman.

*Geis, Forman & Schulze* [*Thilo C. Schulze* of counsel], for George S. Fischer, assignee of Mae E. Wieman, to the extent of $783.44.

WINGATE, S. The question here litigated concerns the relative priorities of two assignments of a legacy made by one Mae E. Wieman. The facts are undisputed. Prior to August, 1933, Charles W. Philipbar had performed various legal services for the legatee resulting in an indebtedness of the latter to him. In or about that month, George S. Fischer had a claim against the legatee which he was actively pressing. Philipbar, as attorney for Mrs. Wieman, negotiated with him respecting an adjustment of this claim, and induced him to accept an assignment of this legacy to the extent of $783.44 in settlement. In the course of the negotiations, Philipbar informed Fischer that the legatee was indebted to him for legal services, but made no statement respecting the amount of such indebtedness.

The assignment to Fischer was executed by the legatee and delivered by Philipbar on or about August 21, 1933, and was filed (but not recorded) in this court on September 23, 1933. It was thereafter recorded on August 8, 1935.

Several months later, Philipbar apparently came to an under-

standing with his client, Mrs. Wieman, as to the sum which was properly payable to him for services, and received from her a further assignment of her legacy in the sum of $1,000. This bears date December 1, 1933, and was recorded in this court on December 28, 1933.

The amount payable on the legacy is insufficient to satisfy both amounts, and the question at issue is as to which is entitled to preference.

Since any valid assignment of a chose in action other than a negotiable instrument, even a verbal one (*Thurber* v. *Chambers*, 66 N. Y. 42, 49; *Williams* v. *Ingersoll*, 89 id. 508, 521; *Hofferberth* v. *Duckett*, 175 App. Div. 480, 486; *Nat. Foundry Co. of N. Y.* v. *Kaufman*, 190 id. 956; *Matter of Kitching*, 141 Misc. 704, 706; *Matter of Lynch*, 151 id. 549, 553; *Matter of Pastore*, 155 id. 247, 254), operates to divest the interest of the assignor of the property assigned from the moment of the delivery of the assignment (*Bebee* v. *Bank of N. Y.*, 1 Johns. 529, 565; *Sanders* v. *Soutter*, 136 N. Y. 97, 99; *Matter of Jurgens*, 153 Misc. 118, 120), it is obvious that if neither assignment had been recorded, they would have been entitled to priority in the order in which they were given. (*Williams* v. *Ingersoll*, 89 N. Y. 508, 523; *Fortunato* v. *Patten*, 147 id. 277, 283; *Superior Brassiere Co.* v. *Zimetbaum*, 214 App. Div. 525, 528; *Matter of Kitching*, 141 Misc. 704, 707; *Matter of Lynch*, 151 id. 549, 556.)

Mr. Philipbar, however, contends for a different result on the faith of section 32 of the Personal Property Law which, in so far as presently pertinent, provides as follows: " Every conveyance, assignment, or other transfer of, * * * the interest, or any part thereof, of any person in the estate of a decedent which is situated within this state, shall be in writing, and shall be acknowledged or proved in the manner required to entitle conveyances * * * to be recorded. Any such instrument may also be recorded as hereinafter provided; and if not so recorded, it is void against any subsequent purchaser or mortgagee of the same interest or any part thereof, in good faith and for a valuable consideration, whose conveyance or mortgage is first duly recorded."

Since Philipbar admittedly first recorded his assignment, it is obvious, under the terms of this enactment, that Fischer's assignment must be deferred thereto provided Philipbar comes within the statutory contemplation of a " purchaser * * * in good faith and for a valuable consideration." That he is properly classifiable as a " purchaser " and that he gave a " valuable consideration " is not disputed. His rights, therefore, turn upon the connotation of the words " in good faith " which impose an additional statutory condition precedent to his preferment.

The terms " purchaser in good faith " or " *bona fide* purchaser " have a well-defined meaning in the law which has been authoritatively established since time immemorial. Almost a century ago the highest court of this State observed: " To say that a man takes in good faith, when he acts with notice, and of course under conscious hostility to another who has before taken a similar title, would be a legal solecism." (*Gregory* v. *Thomas*, 20 Wend. 17, 19.) Similar pronouncements in various branches of the law are literally legion. (*Constant* v. *University of Rochester*, 111 N. Y. 604, 613; *Brown* v. *Volkening*, 64 id. 76, 82; *Sanger* v. *Eastwood*, 19 Wend. 514, 515; *Tyler* v. *Strang*, 21 Barb. 198, 203; *Farmers Loan & Trust Co.* v. *Hendrickson*, 25 id. 484, 488; *Milton* v. *Boyd*, 49 N. J. Eq. 142; 22 Atl. 1078, 1082; *Keller* v. *Stanley*, [Ky. App.] 4 S. W. 807, 809; *Dormitzer* v. *German Sav. & Loan Soc.*, 23 Wash. 132; 62 P. 862, 882; *Cardenas* v. *Miller*, 108 Cal. 250; 39 P. 783, 785; *McKee* v. *Bassick Min. Co.*, 8 Colo. 392; 8 P. 561, 563; *Riederer* v. *Pfaff*, 61 Fed. 872, 873; *Tolbert* v. *Horton*, 31 Minn. 518; 18 N. W. 647, 648; *Kohl* v. *Lynn*, 34 Mich. 360, 361; *Graham* v. *Perry*, 200 Wis. 211; 228 N. W. 135, 137; *McHugh, Inc.*, v. *Haley*, 61 N. Dak. 359; 237 N. W. 835, 838; *Hunt* v. *Gragg*, 19 N. Mex. 450; 145 P. 136, 138; *Richmond* v. *Ashcraft*, 137 Mo. App. 191; 117 S. W. 689, 692.)

Every decision which has been made in respect to the connotation of the term in the presently relevant statute has attributed a similar meaning to it. (*Matter of Kloppenburg*, 134 Misc. 168, 173; affd., 227 App. Div. 739; *Matter of Leverich*, 135 Misc. 774, 790; affd., on opinion of this court, 234 App. Div. 625; *Leask* v. *Hoagland*, 64 Misc. 156, 165; revd. on other grounds, 136 App. Div. 658; *Van Buren* v. *Wensley*, 102 Misc. 248, 257; *Matter of Lynch*, 151 id. 549, 554.)

The legislative intent in the enactment is accordingly wholly plain to grant a preferred right to a subsequent assignee by prior recording only in cases in which he not only paid value but had no notice of the prior assignment.

Mr. Philipbar's information to Mr. Fischer, at the time of the assignment, that he had an unliquidated claim for services against the assignor, is a wholly immaterial circumstance. Most persons are subject to pecuniary obligations of one sort or another, but this does not, in the absence of a further demonstration, invalidate a solution of one obligation in preference to another.

The sole question here litigated is as to whether the prior recording of his assignment gave him a preferred claim on the previously assigned asset by reason of the provisions of section 32 of the Personal Property Law on the facts disclosed. The decision must be in the negative.

Enter decree on notice.