■ TOTAL SPECTRUM MANUFACTURING, INC., Respondent, v ALBERT FRASSETTO et al., Appellants.—In an action, *inter alia,* to recover damages for breach of contract and for a judgment declaring the parties' rights under certain leases, the defendants Albert Frassetto and Albert Frassetto Enterprises appeal from stated portions of an order of the Supreme Court, Rockland County (Kelly, J.), dated April 20, 1989, which, *inter alia,* granted those branches of the plaintiff's cross motion which were for partial summary judgment (1) on the fourth cause of action charging that Albert Frassetto Enterprises breached its lease with the plaintiff by giving the defendant Ourelio and Sons, Inc., an option to renew its lease, and (2) on that part of the third cause of action which sought a declaration, in relevant part, that Albert Frassetto Enterprises had no right to give Ourelio and Sons, Inc., an option to renew its lease for an additional five years; and the defendant Ourelio and Sons, Inc., appeals, as limited by its brief, from so much of an order of the same court, dated May 31, 1989, as, upon reargument, adhered to its prior determination, *inter alia,* granting that branch of the plaintiff's motion which was for partial summary judgment on the third cause of action which sought a declaration, in relevant part, that that appellant had no right to renew its lease for an additional five years.

Ordered that the appeal by the defendant Albert Frassetto is dismissed, as he is not aggrieved by the order dated April 20, 1989 *(see,* CPLR 5511); and it is further,

Ordered that on the appeal by Albert Frassetto Enterprises, the order dated April 20, 1989, is modified, on the law, by adding to the fifth decretal paragraph thereof, after the words "five year period", the following words: "unless the plaintiff fails to exercise its option to purchase the premises in accordance with the terms of its lease with Albert Frassetto Enterprises"; as so modified, the order dated April 20, 1989, is affirmed insofar as appealed from by Albert Frassetto Enterprises, and it is further,

Ordered that the order dated May 31, 1989, is modified, on the law, by adding a provision thereto that, on reargument, the following words are added after the words "five year period" in the fourth decretal paragraph of the order dated April 20, 1989: "unless the plaintiff fails to exercise its option to purchase the premises in accordance with the terms of its

lease with Albert Frassetto Enterprises"; as so modified, the order dated May 31, 1989, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs payable by the appellants appearing separately and filing separate briefs.

The plaintiff leased from the defendant Albert Frassetto Enterprises (hereinafter Enterprises) about 20,014 square feet of space in a 48,108-square-foot premises, commencing November 25, 1987, and ending on November 24, 1992, with a right to renew for one five-year period. The lease also provided that the plaintiff had an exclusive option to purchase the entire premises, which option could be exercised at any time until March 14, 1992, that Enterprises would not lease an approximately 9,000 square foot area (hereinafter the space), contained within the remaining square footage of the premises for longer than five years, without the plaintiff's consent, and that Enterprises would not grant an option to renew a lease or to purchase the premises to a party other than the plaintiff.

Thereafter, Enterprises leased the space and the remaining square footage in the premises to the defendant Ourelio and Sons, Inc. (hereinafter Ourelio) for a five-year term commencing on September 1, 1988, and ending on August 31, 1993. Without the plaintiff's consent, the lease also contained an option to renew for one additional term of five years. Neither the plaintiff nor Ourelio recorded their prospective leases, which, in any event, were not in recordable form.

On or about July 15, 1988, the plaintiff commenced this action, *inter alia,* to recover damages for breach of contract and for declaratory relief relating to the parties' rights under the aforenoted leases. After issue was joined, Ourelio moved for summary judgment dismissing the complaint, and the plaintiff cross-moved, *inter alia,* for partial summary judgment (1) with respect to the claim in the fourth cause of action alleging that Enterprises breached its lease with the plaintiff by giving Ourelio an option to renew its lease with Enterprises, and (2) on so much of the third cause of action which sought a declaration that Ourelio had no right to renew its lease.

By order dated April 20, 1989, the Supreme Court, in relevant part, granted those branches of the plaintiff's motion which were for partial summary judgment on the third and fourth causes of actions and declared that Enterprises had no right to give Ourelio the option to renew its lease of the space

for the additional five-year period and Ourelio had no right to renew its lease for an additional five-year period. Subsequently, by order dated May 31, 1989, the Supreme Court granted Ourelio reargument, but it adhered to its prior determination.

We agree with the Supreme Court that the plaintiff was entitled to partial summary judgment on the fourth cause of action asserted against Enterprises. The lease between the plaintiff and Enterprises clearly prohibited Enterprises from leasing the space for longer than five years, without the plaintiff's consent, and from granting an option to renew. By providing Ourelio with the option to renew for an additional five-year term without the plaintiff's consent, Enterprises was in breach of its lease with the plaintiff.

With regard to the contentions of Ourelio, we agree with the Supreme Court that as between two holders of unrecorded instruments, their rights are determined by priority in taking their instruments (see, Van Buren v Wensley, 102 Misc 248; 55 NY Jur 2d, Equity, § 137; 66 Am Jur 2d, Records and Recording Laws, §§ 158, 159, at 438-439; 27 Am Jur, Equity, §§ 146-150, at 682-686). The plaintiff's lease was first in time, and therefore, its lease rights are superior to those of Ourelio. Insofar as Ourelio claims that it entered into possession of the leased premises, without knowledge of the plaintiff's rights, we note that Ourelio's lease only gave it the right to enter on or about July 1, 1988, for the limited purpose of installing a " 'racking system' in the warehouse" (para 52 of the rider to its lease) and on or about July 15, 1988, this action was commenced giving Ourelio notice of all of the plaintiff's claims. Accordingly, the Supreme Court properly found no merit to Ourelio's claim that the plaintiff should be equitably estopped from exercising its leasehold rights.

However, the plaintiff is only entitled to occupy the space in the event it exercises its option to purchase the premises. Indeed, the plaintiff has taken no position as to the renewal option in the Ourelio lease, if it chooses not to purchase the premises. Thus, the renewal option in Ourelio's lease should be subject to the plaintiff's option to purchase, and should the plaintiff fail to exercise its option to purchase the premises, the renewal option would remain valid.

The orders have been modified accordingly. Lawrence, J. P., Sullivan, Rosenblatt and Miller, JJ., concur.